IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:19-cv-01939-M |
| v. | § § | |
| DOMAIN PROTECTION, LLC, | § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6). (ECF No. 12). For the reasons stated below, the Motion is **DENIED**.

**I.   Background**

Plaintiff asserts the following facts in its Complaint. Plaintiff owns the luggage and trunk manufacturer Seward Trunk and its trademark of the same name. (ECF No. 1 ¶ 13; ECF No. 1-1). In 2005, Defendant registered the domain name sewardtrunk.com (the "Domain"). (ECF No. 1 ¶ 15). The Domain hosts a web site with links to purchase luggage, trunks, and bags from other websites. (*Id.* ¶ 18; *see also* ECF No. 1-2).

Plaintiff claims Defendant violated the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), for its alleged bad faith registration and use of the Domain. (ECF No. 1 ¶ 1). Defendant asserts that the statute of limitations bars Plaintiff's claim and moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(6).

1

## II. Legal Standard

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a case for failure to state a claim upon which relief can be granted, including for a limitations bar. *Jones v. Bock*, 549 U.S. 199, 215 (2007). To prevail on a defense of laches or limitations on a motion to dismiss, the complaint must itself show that the claim is barred. *Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958) (cited by *Schinzing v. City of Cleburne*, No. CIV.A. 3:00-CV-2670-G, 2001 WL 210483, at *2 (N.D. Tex. Feb. 28, 2001)); *see also Parra v. Mountain States Life Ins. Co. of Am.*, 52 F.3d 1066, 1066 (5th Cir. 1995). All factual allegations in the complaint must be treated as true for consideration of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court is permitted to dismiss on grounds not raised by the parties. *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991); *see also Steinberg v. BPO Mgmt. Servs., Inc.*, No. 3:09-CV-02291-K, 2010 WL 1330971, at *4 (N.D. Tex. Mar. 12, 2010), *Coates et al., v. Heartland Wireless Commc'ns, Inc. et al.*, 55 F. Supp. 2d 628, 633 (N.D. Tex. July 8, 1999).

### B. Statute of Limitations for 15 U.S.C. § 1125(d)

ACPA is part of the Lanham Act, which has no statute of limitations in it and which this Court has held is governed by a four-year statute of limitations when asserted in Texas. *See Tex. Int'l Prop. Assocs. v. Am. Funds Distribs., Inc.*, No. 3-07-CV-1932-M, 2008 WL 11425648, at *2 (N.D. Tex. Apr. 1, 2008) (Lynn., J., presiding); *see also Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 859 (N.D. Tex. Feb 20, 2009), Tex. Civ. Prac. & Rem. Code § 16.004.

The limitations period begins to run when a cause of action accrues, except for continuing torts, which involve conduct that creates a separate cause of action, and thus restarts

the limitations period, each day it is repeated. *Bulbs 4 E. Side, Inc. v. Ricks*, 199 F. Supp. 3d 1151, 1165 (S.D. Tex. Aug. 10, 2016) (citing *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.*, 53 S.W.3d 799, 812 (Tex. App.—Austin 2001, pet. denied)) (internal quotations omitted). "Trademark infringement," which includes registration of another's mark as a domain name, "is a continuous wrong, and as such gives rise to a claim for relief as long as the infringement persists." *Id.* at 812–13 (quoting *Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 500 (Tex. App.—Houston [14th Dist.] 1995, no pet.)) (holding that the statute of limitations on a claim of trademark infringement of "Horseshoe Bay" restarted each day "horseshoebay.com" was used); *see also Bulbs*, 199 F. Supp. 3d at 1165 ("Defendant's use of Plaintiff's trademark in its Domain Name is a continuing harm").

**C. The Defense of Laches**

Unlike statutes of limitations, "laches is not . . . a mere matter of time[,] but principally a question of the inequity of permitting the claim to be enforced . . . ." *Holmberg v. Armbrecht,* 327 U.S. 392, 396 (1946). Courts commonly define laches as "an inexcusable delay that results in prejudice to the defendant." *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998); *see also Condom Sense, Inc. v. Alshalabi*, 390 S.W.3d 734, 758–59 (Tex. App.—Dallas 2012, no pet.). "Whether phrased as 'reliance' or 'prejudice', the effect is the same—the defendant has done something it otherwise would not have done absent the plaintiff's conduct." *Id.* at 761 (quoting *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985)); *see also Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd of San Antonio, Tex.,* 40 F.3d 698, 710 (5th Cir. 1994) (holding that the defendant must show that "the delay has cause[d] a disadvantage in asserting and establishing a claimed right or defense"). Laches applies to Lanham Act claims. 15 U.S.C. § 1115(b)(9); *see also Elvis*, 141 F.3d at 205.

3

### III. Analysis

Defendant asserts that Plaintiff's ACPA claim is barred by the statute of limitations because Plaintiff filed suit fourteen years after Defendant registered the Domain. (ECF No. 12). However, under the continuing tort doctrine, the four-year statute of limitations restarts each day the Domain is used. *See Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.*, 53 S.W.3d 799, 813 (Tex. App.—Austin 2001, pet. denied) (holding that the continued use of a trademarked domain name gave "rise to a separate cause of action each day it [was] repeated"); *see also Bulbs 4 E. Side, Inc. v. Ricks*, 199 F. Supp. 3d 1151, 1165 (S.D. Tex. Aug. 10, 2016) (affirming *Horseshoe Bay*'s holding that each use of a trademarked domain name restarts the limitations period). Thus, the statute of limitations had not run when Plaintiff filed suit, and therefore does not bar Plaintiff's ACPA claim.

Laches is applicable to Lanham Act claims, but here it is not established as a matter of law on the face of the Complaint. It is not established that Defendant took any action it otherwise would not have taken if Plaintiff had filed suit earlier. *See Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958). Because it is not established how and, if so, when Defendant was prejudiced by the delay, the Court cannot conclude at the pleading stage that laches bars Plaintiff's ACPA claim.

For the foregoing reasons, Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) is **DENIED**.

**SO ORDERED**.

January 22, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE