IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, | § § § § | |
| Plaintiff, | § § | No. 3:19-cv-1939-M |
| V. | § § | |
| DOMAIN PROTECTION LLC, | § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Mercury Luggage has filed an Amended Motion to Compel Interrogatory Answer, *see* Dkt. No. 71, and a Motion to Compel Deposition of Lisa Katz, *see* Dkt. No. 75. Chief Judge Barbara M. G. Lynn has referred the motions for hearing if necessary and determination. *See* Dkt. Nos. 72 & 79.

For the reasons explained below, the Court grants in part and denies in part the motion to compel interrogatory answer and grants the motion to compel the deposition of Lisa Katz.

Starting with Mercury's motion to compel interrogatory answer, Mercury seeks to compel Defendant Domain Protection to answer the only interrogatory that Mercury served after discovery was reopened. *See* Dkt. No. 71 at 14. It states:

> Identify all persons known to You with any information concerning the identity of the current or past registrant(s) of the sewardtrunk.com domain, including, without limitation, any broker with whom You have communicated or who has provided an option to purchase the domain. In Your response, please state whether such person is a corporation, partnership, or corporation, and the name,

-1-

> present and last known address, principal place of business and business phone number.

*Id.* at 3 & Ex. B.

The Court has laid out the standard that governs a Federal Rule of Civil Procedure 37(a) motion to compel as to Federal Rule of Civil Procedure 33 interrogatories, and the Court incorporates and will apply – but will not repeat – that standard here. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578-82 (N.D. Tex. 2018).

First, the Court GRANTS Mercury's motion as to the request to identify any persons with knowledge of the current or past registrants. Discovery was reopened to determine whether Domain Protection currently owns or transferred the stewardtruck.com domain at issue in this litigation. *See* Dkt. No. 65. Mercury's request is relevant and proportional to the needs of the case, and Domain Protection's objections are not persuasive or well-taken. *See* FED. R. CIV. P. 26(b)(1).

Second, the Court DENIES Mercury's request to identify the broker who Domain Protection asserts is a consulting expert. Federal Rule of Civil Procedure 26(b)(2)(D)(4) provides that, "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" and "may do so only: (i) as provided in [Federal Rule of Civil Procedure] 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." FED. R. CIV. P. 26(b)(4)(D).

The Court determines that the identity of the broker retained by Domain Protection as a consulting expert is not discoverable. While Mercury disputes Domain Protection's assertion that the broker was actually hired as an expert, based on the current record, the Court is not persuaded to the contrary. And Mercury has not met its "heavy burden" to establish that exceptional circumstances exist to discover the expert's identity. *In re Shell Oil Refinery*, 132 F.R.D. 437, 442 (E.D. La. 1990).

The Court denies Mercury's request without prejudice to Mercury's filing a renewed motion should extraordinary circumstances exist or Mercury be able to show that the broker was not hired as a consulting expert.

And, after considering all of the circumstances here and the Court's rulings, the Court declines to award expenses for either party. *See* FED. R. CIV. P. 37(a)(5)(C).

Turning to Mercury's motion to compel the deposition of Lisa Katz, Mercury requests that the Court order Domain Protection to produce Lisa Katz for a deposition after she failed to appear on May 28, 2021 for a noticed deposition. *See* Dkt. No. 75 at 7.

Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). Rule 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)," and "[t]he deponent's attendance may be compelled by subpoena under Rule 45." FED. R. CIV. P. 30(a)(1). But, although "Rule 30 does not say so expressly, a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party." 8A FED. PRAC. & PROC. CIV.

§ 2107. This follows from Federal Rule of Civil Procedure 37(d)(1)(A), which provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent ... fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i).

Domain Protection does not contest that Lisa Katz is the manager of Domain Protection. Nor could it – Lisa Katz stated as much in her declarations submitted earlier in this litigation. *See* Dkt. No. 77 at 2-5. And, so, a subpoena and witness fee were not required. *See Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 1392332, at *8 (N.D. Tex. Apr. 8, 2016). And Mercury has established that Lisa Katz failed to appear for her properly noticed deposition. *See* Dkt. No. 77 at 10-12; 17. The Court finds none of Domain Protection's objections persuasive.

Accordingly, under Rule 37(d)(1)(A)(i), the Court GRANTS the Motion to Compel Deposition of Lisa Katz [Dkt. No. 75] and ORDERS that Lisa Katz, as an officer and managing agent of Defendant Domain Protection, must appear for her re-noticed deposition on a mutually agreeable date.

As for sanctions for the failure to appear at the deposition, Federal Rule of Civil Procedure 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a

protective order under [Federal Rule of Civil Procedure] 26(c)." FED. R. CIV. P. 37(d)(2).

Although Domain Protection objected to the Rule 45 subpoena, that does not excuse Katz's and Domain Protection's counsel's failure to appear at the deposition. But, in its motion, Mercury requests only that Katz appear at a noticed deposition. *See* Dkt. No. 75 at 7. The Court finds that compelling Domain Protection to produce Katz for a deposition is the appropriate remedy at this time. Therefore, the Court declines to award monetary sanctions. *See* FED. R. CIV. P. 37(d)(3).

Finally, the Court denies Domain Protection's requests to supplement its responses. *See* Dkt. Nos. 74 at 15-16; 82 at 8-9. And the arguments not specifically addressed in this order are not material to the Court's decision and otherwise fail to persuade.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS IN PART and DENIES IN PART Mercury's Amended Motion to Compel Interrogatory Answer [Dkt. No. 71] and GRANTS Mercury's Motion to Compel Deposition of Lisa Katz [Dkt. No. 75].

SO ORDERED.

DATED: June 18, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE