IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, | § § § § § § § § § § | |
| Plaintiff, | | |
| | | No. 3:19-cv-1939-M |
| V. | | |
| DOMAIN PROTECTION LLC, | | |
| Defendant. | | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Mercury Luggage has filed a Motion to Compel Deposition of Corporate Designee and for Sanctions, *see* Dkt. No. 91, which Chief Judge Barbara M. G. Lynn has referred to the undersigned magistrate judge for hearing if necessary and determination, *see* Dkt. No. 94. Defendant Domain Protection has filed a response. *See* Dkt. No. 100.

Mercury complains that the witness produced at the June 7, 2021 deposition by Domain Protection as its Federal Rule of Civil Procedure 30(b)(6) corporate designee, Frank Spiro, was wholly unprepared. *See* Dkt. No. 91 at 2-3. Mercury asks the Court to order Domain Protection to produce a fully prepared Rule 30(b)(6) representative for deposition; give the name and title of the designee at least ten days in advance; award attorneys' fees and costs for the June 7, 2021 deposition and bringing the motion to compel; and award any future costs and fees for appearing at any re-noticed Rule 30(b)(6) deposition. *Id.* at 5.

The Court has previously explained the standard governing this request under Federal Rule of Civil Procedure 30(b)(6) will not repeat, but does incorporate, that standard here. *See Celanese Corp. v. Clariant Corp.*, No. 3:14-cv-4165-M, 2016 WL 4039162, at *2 (N.D. Tex. July 28, 2016).

After reviewing the deposition testimony, *see* Dkt. No. 93 ("Dep. Tr."), and carefully considering Mercury's complaints about it, the Court determines that this Rule 30(b)(6) testimony does not amount to a total non-appearance, *see Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993). As Mercury acknowledges, Mr. Spiro was able to give specific answers to at least noticed topics 6 and 14. *See* Dkt. No. 91 at 2.

But, other than those two topics, the transcript is clear that Mr. Spiro's preparation was less than adequate. Mr. Spiro met with Domain Protection's counsel "two or three times," "two or three weeks" before the deposition, Dep. Tr. 31:14-15, and reviewed "a couple piles of documents" that included "filings" and "letters," *id.* 16:13-17. When asked what type of filings he reviewed, Mr. Spiro stated: "I can't remember." *Id.* 30:17. Mr. Spiro also talked with Lisa Katz for "five to ten minutes," *id.* 33:14, but "she had no information for [him]" and could not "tell [him] anything about [the case]," *id.* 57:4-5.

The failure to prepare became even more apparent when Mercury's counsel drilled down further. When asked what information he reviewed to prepare specifically for topics 10 and 16, Mr. Spiro said "nothing." *Id.* 58:8, 78:14. For topic 15, Mr. Spiro acknowledged that he could not "really remember" and did not "really

understand" the information given to him by Domain Protection's counsel. *Id.* 47:4-5. And, when asked what he reviewed to prepare for topic 18, Mr. Spiro stated: "Just the facts. Just the facts that I know of." *Id.* 34:24-25.

The result is that Mr. Spiro could not answer basic questions about the corporation he spoke for. He could not identify who Domain Protection's owners are, *see id.* 25:2; what role Lisa Katz, Domain Protection's only manager, had with the company, *see id.* 29:5-7; or what a domain name is, *see id.* 37:13. And, despite his title of director of litigation, Mr. Spiro had never seen the operative pleadings – or any other filing in this case – and could not identify the domain name at issue. *See, e.g.*, *id.* 54:17, 83:17.

Accordingly, Domain Protection "violated rule 30(b)(6) by failing to prepare [Mr. Spiro] with respect to issues that although not within his personal knowledge, were within the corporate knowledge of the organization." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). The Court therefore grants Mercury's motion as to its request to compel Domain Protection to produce a prepared corporate designee for a re-noticed deposition. The parties must confer as to a mutually agreeable date to convene a second Rule 30(b)(6) deposition of Domain Protection, which the Court orders as appropriate relief on Mercury's MTC.

And, because the Court grants Mercury's motion to compel, the Court also grants Mercury's request for expenses and orders Domain Protection and its counsel to pay Mercury's attorneys' fees in connection with bringing this motion to compel under Federal Rule of Civil Procedure 37(a)(5)(A). Mercury's counsel and Domain

Protection's counsel are directed to confer by telephone or videoconference about the reasonable amount of these expenses to be awarded under Rule 37(a)(5)(A), as specified above. By no later than **July 9, 2021**, the parties must file a joint report notifying the Court of the results of the conference. If all disputed issues as to the amount of reasonable expenses to be awarded to Mercury have been resolved, Mercury's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **July 9, 2021**.

If the parties do not reach an agreement as to the amount of expenses to be awarded, Mercury must, by no later than **July 23, 2021**, file an application for attorneys' fees that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees (as described above) to be awarded under Rule 37(a)(5)(A). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). The application may also include a request for recovery of the fees incurred in preparing and filing this fee application itself. *See Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (noting that Rule 37(a)(5) can include "fees on fees" for the time expended in filing a motion for attorneys' fees). If an application is filed, Domain Protection

must file a response by **August 13, 2021**, and Mercury must file any reply by **August 27, 2021**.

Finally, Domain Protection's repeated accusations concerning Mercury's motives for litigating this case are not relevant or welcome.

For the reasons and to the extent explained above, the Court GRANTS Mercury's Motion to Compel Deposition of Corporate Designee and GRANTS Mercury's request for attorneys' fees in connection with the motion to compel [Dkt. No. 91]. Mercury's request for expenses in connection with the past and future depositions is DENIED.

SO ORDERED.

DATED: July 1, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE