UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOMAIN PROTECTION, LLC, a Texas limited liability company,<br><br>Defendant. | Civ. Case No.: 3:19-cv-1939-M |

## PLAINTIFF, MERCURY LUGGAGE MANUFACTURING CO.'S APPLICATION FOR FEES

Pursuant to the Court's July 1, 2021 Memorandum Opinion and Order (DE 101), Plaintiff, Mercury Luggage Manufacturing Co. ("Mercury Luggage"), hereby files its Application for Fees and, in support thereof, shows the Court as follows:

### I.   Background

1.   On June 9, 2021, Mercury Luggage filed its Motion to Compel Deposition of Corporate Designee (DE 91) (the "Motion"). On June 25, Mercury Luggage filed a Notice of No Reply (DE 97) stating that it would not be filing a reply brief since Defendant, Domain Protection, LLC ("Domain Protection") did not file a response to the Motion. Domain Protection subsequently sought leave to file an untimely response to the Motion and, on June 30, filed its response to the Motion (DE 100).

2.   On July 1, 2021, the Court granted the Motion. In the Memorandum Opinion and Order (DE 101) (the "Order"), the Court ordered sanctions against Domain Protection in an amount

equal to the reasonable fees and costs for bringing the Motion. The Court ordered the parties to confer and attempt to agree on the amount of fees to be awarded.

3. On July 6, the parties spoke by phone and Domain Protection informed Mercury Luggage that it would be filing a motion for reconsideration of the Order seeking a reversal of Mercury Luggage's entitlement to fees. The parties agreed that they would confer on an amount of fees to be awarded provided that the entitlement to fees was not reversed and on that same date, Mercury Luggage provided Domain Protection with a billing summary reflecting the amount of attorneys' fees relating to the Motion. In connection with trying to come to an agreement on the amount of fees, Mercury Luggage offered both a discount on the rate of Alan Wachs from $455 to 350 per hour and a further 11.4% reduction on the total amount.

4. On July 6, Domain Protection filed its Motion for Reconsideration of the Order (DE 102) ("Motion for Reconsideration") seeking to have this Court overturn the Order and Mercury Luggage's entitlement to fees.

5. The parties conferred again by telephone on July 9 and on that same date, the parties filed a joint report indicating that they had been unable to agree on the amount of fees to be awarded (DE 104) because they could not agree as to whether the lodestar method applied to Mercury Luggage's application for fees.

6. On July 14, 2021, Mercury Luggage filed its response to the Motion for Reconsideration (DE 105).

7. On July 15, 2021, Domain Protection filed Rule 72 Objections to the Order (DE 106) asking Chief Judge Lynn to overturn the Order and Mercury Luggage's entitlement to fees.

8. On July 23, 2021, Mercury Luggage filed its Response to Domain Protection's Rule 72 Objections (DE 108).

## II.     Application for Fees

9.    Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A).

10.    Under Rule 37, a party and its counsel can be held responsible "for the reasonable expenses including attorney's fees caused by their failure to comply with discovery." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). In the Fifth Circuit, awards of attorneys' fees are made based on the lodestar method. *Id.* at 367. "A lodestar is calculated by multiplying the number of hours reasonably expended by *an appropriate hourly rate in the community for such work.*" *Id.* (emphasis in original).

11.    The lodestar calculation "produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis in original). There is a strong presumption that the lodestar figure is reasonable. *Id.* at 554.

12.    A movant generally establishes the reasonable hourly rate for a particular community through affidavits or declarations of other attorneys practicing in the community. *Tollett*, 285 F.3d at 368.

13.    In addition to the fees associated with the Motion and responding to Domain Protection's subsequent attacks on the validity of the Court's Order granting the Motion, Mercury Luggage is entitled to recover the fees associated with preparing and filing this fee application.

*See Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019).

14. Submitted herewith is the declaration of Richard Rivera, counsel for Mercury Luggage, which includes the information requested by the Court, including the lodestar calculation, detailed records reflecting the itemized number of hours expended, and the reasonable rates requested. *See* Order (DE 101) at 4 (*citing Tollett*, 285 F.3d at 367).

15. Additionally, submitted herewith is the declaration of Eric Madden, a partner in the Dallas office of Reid Colson Tsai, LLP, attesting to the reasonableness of the rates requested by Mercury Luggage's legal counsel and attesting to the fact that such rates are less than or equal to rates charged by other professionals in the Dallas community. Madden Decl. (App. at 018-019). at ¶ 4-8.

16. In preparing the Motion and its supporting documents, responding to the Motion for Reconsideration, responding to the Rule 72 Objections and making this fee application, Mercury Luggage's legal professionals spent a total of 18.6 hours as follows:

   a. 17.5 hours by attorney Richard Rivera at an hourly rate of $340;

   b. 0.7 hours by attorney Alan Wachs at an hourly rate of $455; and

   c. 0.4 hours by paralegal Deanna Smith at an hourly rate of $220.

Rivera Decl. (App. at 007, 015) at ¶ 12, Exh. C. This totals $6,356.50

17. The vast majority of this work was performed by the junior attorney prosecuting the claims of Mercury Luggage, Richard Rivera. As discussed in his declaration, Mr. Rivera regularly practices in the area of intellectual property and he was a co-author of the United States chapter of *Brand Protection Online: A Practical Guide to Protection from Online Infringement*. (Globe Law and Business). *Id.* (App. at 005-006) at ¶ 4-5.

18. These rates are reasonable for legal professionals in the Dallas community. *See* Madden Decl. (App at 018-019) at ¶ 4-8. Moreover, these rates are lower than those charged by counsel for Domain Protection. On September 23, 2019, counsel for Domain Protection sent a letter disclosing that his rate in this matter would be $795 per hour. *See* Letter (App. at 024-025). Indeed, Domain Protection's counsel made an application in this District seeking an award of attorneys' fees at the rate of $795 per hour. *See MetroPCS v. Thomas*, No. 3:18-MC-0037-S, 2020 WL 1666538, at *3 (N.D. Tex. Apr. 3, 2020). Although the court did not approve $795 as a reasonable hourly rate, it did make an award based on a rate of $600 per hour. *Id.* Indeed, the average hourly rate of the attorneys representing Mercury Luggage in this matter is less than half that requested by Mr. Schepps in *MetroPCS*.

19. In addition to this time spent by Mercury Luggage's legal counsel, it also incurred $2,645 payable to a third party declarant, attorney Eric Madden, to opine on the reasonableness of the rates and hours expended by Mercury Luggage's legal professional for 2.4 hours of work at $1,150 per hour. *See* Madden Decl. (App at 018-019) at ¶ 4, 10.

20. Domain Protection has indicated that it will oppose the awarding of fees on the basis that Mercury Luggage has not paid its counsel in this matter. This misunderstands the law. As indicated in Mercury Luggage's reply brief in support of the motion to compel interrogatory response, the firm of Smith, Gambrell & Russell agreed to take this matter on contingency and seek only those fees that could be awarded to it by the Court in this matter. *See* Pl.'s Reply (DE 84) at 9-10. The argument that this means that Mercury Luggage's counsel cannot recover fees for a discovery violation is nonsensical.

21. The Fifth Circuit has affirmed an award of attorneys' fees based on the lodestar to government attorneys as a sanction to an opposing party. *See United States v. City of Jackson*, 359

F.3d 727, 732-33 (5th Cir. 2004). The Fifth Circuit rejected the argument that the government could not recover for the work done by its employees and further rejected the argument that the government employees could recover only a rate based on their annual salary divided by their working hours in the year. *Id.* Instead, the Fifth Circuit held that the lodestar method would control and the government could recover a reasonable rate based on what others in the geographic area charged. *Id*. at 734. In reaching the conclusion, the Fifth Circuit cited with approval a Third Circuit case engaging in the same analysis with respect to an award of fees under Rule 37. *Id.* at 733 (*citing United States v. Big D. Enters., Inc.*, 184 F.3d 924 (8th Cir. 1999).

22.     Likewise, courts in the Fifth Circuit routinely award fees as a sanction under Rule 37 that were not actually paid by the party entitled to recover fees. *See*, *e.g.*, *LeChuga v. Magallanas*, 16-civ-269-RAJ, 2017 WL 8180782, at *3 (W.D. Tex. July 28, 2017) (awarding lodestar fees to legal aid attorneys); *Eubanks v. Eubanks*, No. 17-1217, 2017 WL 5176397 (E.D. La. Oct. 17, 2017) (report and recommendation) (awarding fees for time written off by movant's attorney).

23.     Accordingly, Mercury Luggage is entitled to recover the fees relating to its Motion under the lodestar method as directed in the Court's Order, along with the fees relating to protecting the Court's order from reconsideration and reversal under Rule 72.

WHEREFORE, Mercury Luggage requests that this Court grant Mercury Luggage's Application for Fees, award Mercury Luggage $9,001.50 for drafting the Motion, responding to Domain Protection's Motion for Reconsideration, responding to Domain Protection's Rule 72 Objections, and making this Application under Rule 37(a)(5)(A)—including obtaining a declaration from a local attorney as to the reasonableness of the fees sought—and grant Mercury Luggage such other and further relief to which it may be justly entitled.

Dated: July 23, 2021

                                                                    
Richard D. Rivera
Florida Bar No. 108251
Email: rrivera@sgrlaw.com
Alan S. Wachs (admitted *pro hac vice*)
Florida Bar No. 0980160
Email: awachs@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura St, Suite 2600
Jacksonville, FL 32202
(904) 598-6100
(904) 598-6300 (fax)

and

Charles C. Frederiksen
State Bar No. 07413300
GLAST, PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75257-1449
Direct Dial: 972-419-7184
Fax: 972-419-8329
Email: cfrederiksen@gpm-law.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to:

Gary N. Schepps
Drawer 670804
Dallas, TX 75367
legal@schepps.net

***Counsel for Defendant***

                                                                    */s/ Richard D. Rivera*
                                                                           Attorney