**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, a Florida corporation,<br><br>     Plaintiff,<br><br>v.<br><br>DOMAIN PROTECTION, LLC, a Texas limited liability company,<br><br>     Defendant. | Civ. Case No.: 3:19-cv-1939-M |

**APPENDIX TO PLAINTIFF, MERCURY LUGGAGE**
**MANUFACTURING CO.'S, APPLICATION FOR FEES**

DOCUMENT:                                                                    PAGE NO.

A.    Declaration of Richard Rivera . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B.    Declaration of Eric D. Madden . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

C.    September 23, 2019 correspondence from Gary N. Schepps to Richard Rivera . . . . . 23

/s/ Richard D. Rivera
Richard D. Rivera
Florida Bar No. 108251
Email: rrivera@sgrlaw.com
Alan S. Wachs (admitted *pro hac vice*)
Florida Bar No. 0980160
Email: awachs@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura St, Suite 2600
Jacksonville, FL 32202
(904) 598-6100
(904) 598-6300 (fax)

and

Charles C. Frederiksen
State Bar No. 07413300
GLAST, PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75257-1449
Direct Dial: 972-419-7184
Fax: 972-419-8329
Email: cfrederiksen@gpm-law.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2021, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to:

Gary N. Schepps
Drawer 670804
Dallas, TX 75367
<u>legal@schepps.net</u>

*Counsel for Defendant*

<u>/s/ Richard D. Rivera</u>
Attorney

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

MERCURY LUGGAGE
MANUFACTURING COMPANY, a Florida          Civ. Case No.: 3:19-cv-1939-M
corporation,

      Plaintiff,

v.

DOMAIN PROTECTION, LLC, a Texas
limited liability company,

      Defendant.

_____/

## DECLARATION OF RICHARD RIVERA

    I, Richard D. Rivera, hereby declare under penalty of perjury in accordance with 28 U.S.C. § 1746, that the following is true and correct:

    1.    I am over twenty-one years of age and am duly competent and qualified to make this Declaration from my personal knowledge. I could competently testify as to the contents of this Declaration if called as a witness in this matter.

    2.    I am a partner in the Jacksonville, Florida office of Smith, Gambrell & Russell, LLP.

    3.    I am a member in good standing of the bar of the United States District Court for the Northern District of Texas. I am counsel of record for Mercury Luggage Manufacturing Co. ("Mercury Luggage") in this matter.

    4.    I was admitted to practice in the state of Florida on January 6, 2014, and admitted to practice in this Court on August 30, 2018. I primarily practice in the field of commercial litigation, including intellectual property and trademark litigation.

5.    A true and correct copy of my condensed biography on my firm's website, available at https://www.sgrlaw.com/attorneys/rivera/ is attached as Exhibit A.

6.    I was a co-author of the United States chapter in the 2017 publication *Brand Protection Online: A Practical Guide to Protection from Online Infringement* (Globe).

7.    The attorneys who worked on the motion to compel deposition of corporate designee (the "Motion") for Mercury Luggage in this matter are myself and Alan S. Wachs, another partner in my firm. Mr. Wachs has been in the practice of law since 1993. A true and correct copy of Mr. Wachs' condensed biography on my firm's website, available at https://www.sgrlaw.com/attorneys/wachs-alan/ is attached hereto as Exhibit B.

8.    In addition, a paralegal, Deanna Smith, assisted us with the filing of the Motion. Ms. Smith is a Florida Registered Paralegal and has served as a paralegal for the last twenty-five years.

9.    Smith Gambrell & Russell usually charges $340 per hour for my time; $455 per hour for Mr. Wachs' time; and $220 per hour for Ms. Smith's time. Mercury Luggage Manufacturing Co. and its parent company, Advantus, Corp. have regularly paid these rates for our time on matters in which Mr. Wachs, Ms. Smith, and I have represented them.

10.    Mr. Wachs has had a longstanding relationship with Mercury Luggage and Advantus and, based on that relationship, has agreed not to directly charge them for any time and fees incurred in this federal litigation. Instead, our firm has agreed to take on this representation accepting only those fees that could be awarded by the Court for our work in this matter.

11.    Smith, Gambrell & Russell's attorneys and paralegals have performed, among others, the following legal services for Mercury Luggage in connection with Mercury

2

Luggage's Motion: repeated attempted to confer by telephone and email with counsel for Domain Protection on the relief sought in the Motion; conducted legal research and analysis for, drafted, served, and filed Mercury Luggage's motion; prepared and filed notice of filing with transcript of deposition at issue in Motion; drafted and filed Notice of No Reply following Domain Protection's failure to respond to the Motion before Mercury Luggage's reply deadline; repeatedly conferred with Domain Protection's counsel on the amount of fees to be awarded for the Motion; draft and file joint report on conferral efforts to set amount of fees relating to the Motion; reviewed Motion for Reconsideration filed by Domain Protection and authority cited therein; conducted legal research and analysis for, drafted, revised, and filed response to Motion for Reconsideration; conducted legal research and analysis for, drafted, revised and filed application for fees and documents in support thereof; and conducted legal research and analysis for, drafted, revised and filed response to Domain Protection's objection to the magistrate's non-dispositive order.

12.    The billing records attached as Exhibit C hereto accurately reflect the time spent and fees incurred in completing the tasks above, excepting any time that will be spent in preparing and filing a reply in support of this fee application. These records were made contemporaneously with the work reflected therein. In performing these tasks, I spent 17.5 hours at a rate of $340 per hour, Mr. Wachs spent 0.7 hours at a rate of $455 per hour, and Ms. Smith spent 0.4 hours at a rate of $220 per hour. In total, Smith, Gambrell & Russell provided $6,356.50 in legal services.

13.    In addition, Mercury Luggage was required to hire an expert witness to opine on the reasonable rate for the services provided by Smith, Gambrell & Russell. Mercury Luggage hired Eric Madden of Reid Collins & Tsai, LLP. His rate is $1,150 and he spent 2.4

hours at this rate revising and preparing his declaration in this matter for a total of $2,760 in legal services.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23d day of July 2021 in Jacksonville, Florida.

Richard D. Rivera

4

# EXHIBIT A

**SGR**
SMITH, GAMBRELL
& RUSSELL, LLP
*Attorneys at Law*

## Richard D. Rivera

Partner | Jacksonville

Richard D. Rivera is a Partner in the Litigation and Intellectual Property Practices of Smith, Gambrell & Russell, LLP.

Mr. Rivera works both in the Litigation and Intellectual Property Practice Groups. His litigation practice is focused on commercial litigation, with a special emphasis in defending actions brought under consumer protection statutes, such as the FDCPA, FCRA, TCPA, and their state-level counterparts. Mr. Rivera is available to assist in most business disputes.

Mr. Rivera's intellectual property practice is concentrated in advising clients in matters involving intellectual property (trademark and copyright), compliance with state and federal laws governing sweepstakes and other promotional activities, software and internet technology, marketing, and licensing issues. Mr. Rivera also prosecutes trademark and copyright registrations before the United States Patent and Trademark Office and the United States Copyright Office.

Mr. Rivera received his B.A. in Economics from the University of Florida in 2009. He earned his J.D. degree, cum laude, from the Florida State University College of Law in 2013, where he was a member of the Florida State University Law Review, an Article and Notes Editor of the Journal of Land Use and Environmental Law, and an Article Selection Editor on the Journal of Transnational Law & Policy. He is admitted to practice in state and federal courts in Florida.



**Contact Information**
**p:** 904-598-6157
**f:** 904-598-6257
**e:** rrivera@sgrlaw.com

**Areas of Practice**
Litigation/Trial Practice
Consumer Litigation Defense
  Practice
Intellectual Property
Intellectual Property Litigation
Trademark Law
Copyright Law

**Bar Admissions**
Florida
U.S. Court of Appeals for the
  Seventh Circuit
Northern District of Texas
Eastern District of Michigan
Middle District of Florida
Northern District of Florida
Southern District of Florida
Southern District of Texas
Western District of Texas
Northern District of Illinois

**010**

# EXHIBIT B

**Smith, Gambrell & Russell, LLP**
*Attorneys at Law*

## Alan S. Wachs

Partner | Jacksonville

### Alan S. Wachs is a Partner in the Litigation Practice of Smith, Gambrell & Russell, LLP.

Mr. Wachs focuses his practice on commercial litigation with emphasis in disputes involving complex contracts, trade secrets, patents, copyrights, trademarks, covenants not to compete, commercial products liability, conflict among shareholders and partners, commercial insurance disputes, bad faith and agent/broker litigation.

Mr. Wachs received his J.D. from The Florida State University College of Law in 1993 with High Honors where he served as an Associate Editor, an Articles Editor, and Chair of the Business Committee of the Florida State University, Law Review.  Mr. Wachs also obtained Book Awards in law school in State and Local Taxation, Unfair Competition, Florida Civil Practice, and Creditor's Rights.  He earned his B.A., magna cum laude, from the University of North Florida, in 1990.

Mr. Wachs holds the highest rating (AV) from Martindale-Hubbell, a national attorney rating service. Florida Trend magazine has on several occasions named Mr. Wachs among one of Florida's "Legal Elite" in commercial litigation. Mr. Wachs is Chair of the Florida Bar Grievance Committee "B" of the Fourth Judicial Circuit. He is also an emeritus member and former active member of the Florida Board of Bar Examiners, the licensing arm of the Supreme Court of Florida. Mr. Wachs is also a Supreme Court of Florida Certified Circuit Court Civil Mediator, a Certified Mediator with the United States District Court for the Middle District of Florida as well as an approved Arbitrator for FINRA.

Mr. Wachs continues to perform community service for not-for-profit entities to include serving as the Corporate Secretary and Board Member of Feeding Northeast Florida and previously serving as Vice Chair of the Board of Jax Metro Credit Union.

Mr. Wachs has been a frequent lecturer for Florida Bar approved continuing legal education courses to include lectures on "Using Depositions at Trial", "Commercial and Residential Landlord Tenant Litigation" and "Bad Faith Litigation".  Mr. Wachs authored Chapter 22, "Declaratory Judgments" in *The Florida Bar's Civil Practice Before*



**Contact Information**
**p:** 904-598-6110
**f:**  904-598-6210
**e:** awachs@sgrlaw.com

**Areas of Practice**
Litigation/Trial Practice
Intellectual Property
Intellectual Property Litigation
Trade Secrets
Insurance Law
Appellate Practice

**Bar Admissions**
Florida
United States Court of Federal
  Claims
United States Court of Appeals
  Eleventh Circuit of Florida
United States Supreme Court
United States District Court for
  the Middle District of Florida
United States District Court for
  the Northern District of Florida

**012**

*Trial* manual (7th, 8th, 9th, 10th, 11th, and 12th editions), and wrote "The Emerging Trend Against Arbitration of Commercial Disputes: Pros and Cons of Including Arbitration Provisions in Commercial Contracts" published in the *ACC-North Florida Chapter Newsletter Q1 2014*.  Mr. Wachs has also taught Insurance Law as an adjunct professor at the Florida Coastal School of Law.

**Bar Admissions, Continued:**
United States District Court for the Southern District of Florida
United States Court of Appeals for the Federal Circuit

**Recognitions**
The Best Lawyers in America©, Commercial Litigation; Insurance Law; Litigation – Insurance; Litigation – Intellectual Property, (2017, 2019-2021)
AV rating – Martindale-Hubbell
Florida Super Lawyers®, Business Litigation, Insurance Coverage
"Florida Legal Elite" in Commercial Litigation, The Florida Trend

# EXHIBIT C

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number |
|---|---|---|---|---|---|---|
| 6/7/2021 | | 1508 RICHARD D. RIVERA | 0.2 | $ 68.00 | (Sewart Trunk) Discuss deposition of corporate represent | 58501 |
| 6/7/2021 | | 1652 ALAN S. WACHS | 0.6 | $ 273.00 | (Sewart Trunk) Exchange texts with R.Rivera regarding Seward Trunk 30(b)(6) testimonial issues (.4); Telephone conference with R. Rivera regarding deposition status (.2) | 58501 |
| 6/9/2021 | | 1508 RICHARD D. RIVERA | 3.4 | $ 1,156.00 | (Seward Trunk) Make further attempts to confer with opposing counsel on motion to compel corporate designee (.2); conduct review and analysis of relevant authority on designation and preparation of corporate representative (.7); draft motion to compel deposition of corporate representative (2.1); review and revise motion to compel (.4) | 58501 |
| 6/9/2021 | | 1652 ALAN S. WACHS | 0.1 | $ 45.50 | (Seward Trunk) Review motion to compel (.1) | 58501 |
| 6/15/2021 | | 965 DEANNA H. SMITH | 0.4 | $ 88.00 | Draft and revise Notice of Filing Deposition Transcript of Frank Spiro in support of Plaintiff's Motion to Compel Deposition of Corporate Representative (.30); finalize and e-file same (.10). | 58501 |
| 6/25/2021 | | 1508 RICHARD D. RIVERA | 0.4 | $ 136.00 | Draft Notice of No Reply and file same (.4) | 58501 |
| 7/6/2021 | | 1508 RICHARD D. RIVERA | 1 | $ 340.00 | Discuss amount of fee claim with opposing counsel (.1); prepare schedule of fees sought and send to opposing counsel with cover email detailing conditional agreement sought (.4); discuss request to consent to reconsideration of order on motion to compel with opposing counsel (.1); review and consider motion for reconsideration on order granting motion to compel deposition of corporate representative and authority cited therein (.4) | 58501 |
| 7/8/2021 | | 1508 RICHARD D. RIVERA | 0.6 | $ 204.00 | Review correspondence from opposing counsel regarding amount of fee request and authority cited therein (.2); conduct review and analysis of Fifth Circuit authority on amount of fee awards (.4) | 58501 |
| 7/9/2021 | | 1508 RICHARD D. RIVERA | 0.5 | $ 170.00 | Draft joint report on attempts to confer on amount of fee award and transmit draft report to opposing counsel (.3); incorporate defendant's position into joint report and edit to reflect no agreement (.2) | 58501 |
| 7/14/2021 | | 1508 RICHARD D. RIVERA | 4.8 | $ 1,632.00 | Conduct review and analysis of relevant authority regarding motions for reconsideration (.4); raft response to motion for reconsideration of order granting motion to compel deposition of corporate designee (3.8); review and revise response to motion (.6) | 58501 |
| 7/16/2021 | | 1508 RICHARD D. RIVERA | 0.2 | $ 68.00 | Review and consider objections to magistrate's order filed by opposing party (.2) | 58501 |
| 7/20/2021 | | 1508 RICHARD D. RIVERA | 1.1 | $ 374.00 | Draft declarations in support of application for fees and begin drafting fee application (1.1) | 58501 |
| 7/21/2021 | | 1508 RICHARD D. RIVERA | 1.2 | $ 408.00 | Conduct review and analysis of relevant authority concerning standard for setting aside magistrate judge ruling under Rule 72(a) (.4); begin drafting response to Rule 72 objection (.8) | 58501 |
| 7/22/2021 | | 1508 RICHARD D. RIVERA | 1.9 | $ 646.00 | Continue drafting response to Rule 72 objections to order compelling deposition of corporate designee (1.5); review and revise response to Rule 72 objections (.4) | 58501 |
| 7/23/2021 | | 1508 RICHARD D. RIVERA | 2.2 | $ 748.00 | Continue drafting application for fees and incorporate legal authority in accordance with court's order (2.2) | 58501 |
| | | Total | 18.6 | $ 6,356.50 | | |

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MERCURY LUGGAGE | § | |
| MANUFACTURING COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:19-cv-1939-M |
| | § | |
| DOMAIN PROTECTION, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## <u>DECLARATION OF ERIC D. MADDEN</u>

I, Eric D. Madden, hereby declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the following is true and correct:

1.      I am over 21 years of age and am duly competent and qualified to make this Declaration from my personal knowledge.  I could competently testify as to the contents of this Declaration if called as a witness in this matter.

2.      I am a partner in the Dallas office of Reid Collins & Tsai LLP, which is located at 1601 Elm Street, Suite 4200, Dallas, Texas 75201.  I am an attorney admitted to practice in the State of Texas and the State of New York, as well as before various federal courts, including the United States Supreme Court, the United States Courts of Appeals for the Third, Fifth, and Tenth Circuits, and the United States District Courts for the Northern, Southern, Eastern, and Western Districts of Texas.

3.      I primarily practice in the field of complex business and insolvency-related litigation.  I have been practicing law in the Dallas area for over 21 years.  A true and correct copy

of my biography from my firm's website, available at https://reidcollins.com/person/eric-d-madden/, is attached hereto as Exhibit "A."

4.      Based on my experience, I am familiar with the fees customarily charged and allowed in Dallas and throughout Texas for services of attorneys to assist in federal court litigation. I am aware that the fees charged by counsel for such actions in the Dallas area are generally equal to or exceed the rates for the Plaintiff's counsel and paralegals set forth in the declaration of Richard Rivera filed in this matter.  Indeed, my standard hourly rate is $1,150, and I understand that the Defendant's counsel has a standard hourly rate of $795.

5.      I have examined and considered the file of Plaintiff's counsel with respect to the Motion to Compel Deposition of Corporate Designee (the "Motion"), including but not limited to, the time and billing records, the relevant filings, and the declaration of Richard Rivera.  I have also had the opportunity to question Plaintiff's counsel concerning the circumstances of the case.

6.      I am personally familiar with the Plaintiff's firm—Smith, Gambrell & Russell, LLP—and with the work of Alan S. Wachs, Esq. of that firm.  I was previously involved in a complex, multi-state, multi-year business litigation matter in which Mr. Wachs served as counsel for multiple defendants.  During that matter, I became personally familiar with his work.  It is my opinion that Mr. Wachs' work product is exemplary and exceeds the average work product of attorneys in the Dallas area.  It is also my opinion that Mr. Wachs' customary rate of $455 per hour is reasonable in terms of his experience, his qualifications, the quality of his work product, and in terms of the customary rates charged by attorneys in the Dallas area.

7.      I am not personally familiar with the work product of Richard Rivera, Esq., but I have reviewed his biography located at https://www.sgrlaw.com/attorneys/rivera/.  This biography reflects that Mr. Rivera practices in the areas of Intellectual Property and Trademark Law.  I am

also aware that Mr. Rivera was a co-author to the United States chapter in the 2017 publication "Brand Protection Online: A Practical Guide to Protection from Online Infringement." It is my opinion that Mr. Rivera's customary rate of $340 per hour is reasonable in terms of his experience, his qualifications, and in terms of the customary rates charged by attorneys in the Dallas area.

8.      It is my opinion that the customary rate of Deanna Smith of $220 is reasonable for a paralegal in terms of her 25 years of experience and the customary rates charged by paralegals in the Dallas area.

9.      Based on my experience, it is my opinion that the sum of $6,356.50, consisting of 0.4 hours worked by Ms. Smith at $220 per hour, 17.5 hours worked by Mr. Rivera at $340 per hour, and 0.7 hours worked by Mr. Wachs at $455 per hour, is a reasonable amount for the services rendered by Smith, Gambrell & Russell, LLP to the Plaintiff relating to the Motion and its application for attorneys' fees.

10.      I spent a total of 2.3 hours in reviewing the relevant materials, rendering my opinion, and revising this declaration.

I declare under penalty of perjury that the foregoing is true and correct.


Executed this 23rd day of July 2021 in Dallas, Texas.


_____

Eric D. Madden

3

**019**

# EXHIBIT A

# reid | collins | tsai



## Eric D. Madden | Partner

(214) 420-8901  |  emadden@reidcollins.com

**Education:**
University of Kansas School of Law (J.D., 1999)
Order of the Coif
Editor-in-Chief, Kansas Law Review

University of Kansas (B.A., with honors, 1996)
Phi Beta Kappa
Honors Thesis

**Admitted to Practice:**
- Texas
- New York
- U.S. Court of Appeals, 3rd Circuit
- U.S. Court of Appeals, 5th Circuit
- U.S. Court of Appeals, 10th Circuit
- U.S. Supreme Court

**Areas of Practice:**
- Complex Commercial Litigation
- Financial Litigation
- Insolvency Litigation
- Professional Liability Litigation

Eric Madden is a partner in the Dallas office of Reid Collins & Tsai LLP. His practice is focused on complex business and insolvency-related litigation. He has represented trustees, receivers, creditor and bondholder committees, and defrauded investors in a number of major cases throughout the country. These cases often involve Ponzi schemes, financial fraud, and/or significant fraudulent transfers.

His work has earned the recognition and respect of his peers, including:

- Named to the Lawdragon 500 Leading Lawyers in America (2019-2021);
- Ranked as a leading lawyer in Chambers USA (2019-2021);
- Listed in The Best Lawyers in America (2016-2021);
- Recognized as a "Future Litigation Star" by Benchmark Litigation (2019-2021);
- Named a "Super Lawyer" by Thomson Reuters (2014-2021);
- Earned an AV Preeminent rating by Martindale-Hubbell (2012-2021).

Eric serves in leadership positions within several organizations, including as:

- Member of the ABI Board of Directors;
- Programming Co-Chair of the ABA Bankruptcy and Insolvency Litigation Committee;
- Co-Chair of the ABI Commercial Fraud Committee; and
- Co-Chair of the ABI Bankruptcy Litigation Committee.

He also frequently serves as an author and speaker regarding corporate governance, legal ethics, and trial strategy.

© 2021 Reid Collins & Tsai LLP

# reid | collins | tsai

## Eric D. Madden | Partner

Some of Eric's recent cases include:

☐ Representation of the National Association of Bankruptcy Trustees, as amicus curiae, in a certified appeal to the Texas Supreme Court arising from the $7 billion Ponzi scheme perpetrated by Allen Stanford and Stanford International Bank. The Court's ruling significantly restricted the scope of a good-faith defense to fraudulent transfer claims under Texas law. See Janvey v. GMAG, LLC, 592 S.W.3d 125 (Tex. 2019).

☐ Representation of the GTAT Litigation Trust, the successor to GT Advanced Technologies Inc., a former publicly traded company, in pursuing claims against its former officers related to a failed $1 billion contract with Apple Inc. to manufacture sapphire display screens for the iPhone. See Davis v. Gutierrez, 2018 WL 1514869 (D.N.H. 2018).

☐ Representation of the liquidating trustee for Seahawk Drilling Company, Inc., a former publicly traded company and the second largest offshore drilling company in the Gulf of Mexico, which filed bankruptcy in the months following the Deepwater Horizon incident. The trustee's claims against BP were selected, from among thousands of other claims in pending MDL proceedings, to be tried as a test case on the issue of causation and damages under the Oil Pollution Act.

☐ Representation of Petroleum Wholesale, LP, a full-service gasoline distributor with operations in nine western states, in connection with a two-week jury trial regarding an alleged breach of a fuel supply agreement. The jury awarded all of the damages and attorney's fees sought by Petroleum Wholesale, and nothing to the defendants on their $10 million counterclaim. Texas Lawyer ranked it as a Top 10 verdict in a contracts case for 2014.

☐ Representation of the Official Committee of Unsecured Creditors of Fresh & Easy, a large grocery company, in pursuing claims against its former insiders—including billionaire Ronald Burkle—for breach of fiduciary duty and fraudulent transfer of certain assets. The claims were settled for a $21.5 million cash payment and the release of $104 million of insider claims against the estate, thereby doubling the projected distributions to creditors.

☐ Representation of the USACM Liquidating Trust in connection with various litigation claims arising out of the failure of USA Capital, a commercial loan servicer with more than $960 million in outstanding loans. Substantial claims against several of the company's former professional advisors were settled for confidential amounts. In addition, Eric served as lead counsel in a trial against a reputed member of the Gambino crime family, resulting in a $4.3 million judgment.

☐ Representation of the Official Committee of Unsecured Creditors of the Millennium Multiple Employer Welfare Benefit Plan, a purported section 419A(f)(6) plan with approximately $112 million in assets that the IRS declared to be an abusive tax shelter. See Aviva Life and Annuity Company v. White (In re Millennium Multiple Employer Welfare Benefit Plan), 772 F.3d 634 (10th Cir. 2014).

☐ Representation of the post-confirmation trustee of LJM2 Co-Investment, LP, the Enron-affiliated partnership managed by Andrew Fastow, in connection with claims against its former counsel, accountants, and investment bankers. The claims were settled for confidential amounts prior to filing suit and after mediation and/or substantial negotiations.

☐ Representation of the Grey Goose Bottling Company and a minority shareholder in a derivative suit filed in Delaware Chancery Court, involving breach of fiduciary duty related to the misallocation of the $2.5 billion purchase price paid by Bacardi Limited to acquire the Grey Goose Vodka label. The lawsuit was settled for a confidential amount after the court issued a lengthy ruling denying a motion to dismiss. See Bakerman v. Sidney Frank Importing Co., 2006 WL 3927242 (Del. Ch. 2006).

# EXHIBIT C

# GARY N. SCHEPPS

### ATTORNEY & COUNSELOR

DRAWER 670804                                                    TELEPHONE 972-200-0000
DALLAS, TEXAS 75367                                              FACSIMILE  972-200-0535

September 23, 2019

**<u>Via Email:  rrivera@sgrlaw.com</u>**
Richard D. Rivera
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura St, Suite 2600
Jacksonville, FL 32202

**Re: 3:19–01939-M; Mercury Luggage Mgmt. Co. v. Domain Protection LLC**

Rich,

Thank you for your kind response.

Because this is a trademark related case, I do not consent to service from you by email.  I am located in Dallas if you need to deliver paper or large capacity electronic materials to me.   However, since you are in Florida, your acceptance of service by e-mail is important.   If we are on the same page, then I do not object to your motion to proceed without local counsel.

You've dashed my hopes for an immediate settlement.  But, perhaps when we've had a chance to discuss the case in more detail, your client's view on settlement will change.   To avoid any surprise later, my billing rate is $795/hour and as work is performed on the case, the cost to purchase the domain name, if that should become desirable to your client at a later date, will increase to cover the costs of defense to that point.

For that reason, I strongly encourage the parties to consider an earlier, as opposed to a later and more costly settlement.

**024**

Richard D. Rivera
September 23, 2019
Page 2

_____

My take is that at trial you will be unable to negate the fact that the registrant believed and had reasonable grounds to believe that the use of the domain name was lawful.  An arbitrator that <u>you chose</u> looked at your dispute and ruled against you.

I also think you are going to have a problem with laches.  Your client waited more than a decade to raise any issue, and then refused to pay the out-of-pocket costs related to the domain name over the past decade.

Judge Lynn permits telephone 26(f) conferences but my suggestion is that we hold a face-to-face conference to give ourselves a chance to get to know each other and establish an 'in person' basis of working with each other moving forward.   I would not underestimate the value in sitting down at lunch together.   To my experience a little up-front investment in a personal relationship between counsel can help a case proceed much more efficiently and require much less court involvement over the course of the case.

Yours truly,

Gary N. Schepps
Counsel for Domain Protection, LLC

025