IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, | § § § | |
| Plaintiff, | § § | No. 3:19-cv-1939-M |
| V. | § § | |
| DOMAIN PROTECTION LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Domain Protection has filed a motion to reconsider the Court's July 1, 2021 discovery order. *See* Dkt. No. 102. Plaintiff Mercury Luggage has filed a response, *see* Dkt. No. 105, and Domain Protection filed a reply, *see* Dkt. No. 107.

Domain Protection asks the Court to reconsider its July 1, 2021 Order compelling Domain Protection to produce a prepared corporate designee for a re-noticed deposition and to pay Mercury's attorneys' fees in connection with bringing the motion to compel. *See* Dkt. No. 101.

After carefully considering Domain Protection's arguments, the Court finds that none of them merit any change to the Court's July 1, 2021 Order granting Mercury's Motion to Compel Deposition of Corporate Designee [Dkt. No. 101].

First, Domain Protection's arguments fail to show that another 30(b)(6) deposition is not necessary. Domain Protection argues that other than its corporate designee, Frank Spiro, it has no employees and that Lisa Katz, Domain Protection's manager, has no knowledge about the noticed topics. *See* Dkt. No. 102 at 4-5. So,

according to Domain Protection, there is no one more knowledgeable than Mr. Spiro who can testify. *See id.* But, even if Mr. Spiro is the only available, knowledgeable, and identifiable witness there is, Mr. Spiro's inability to answer basic questions about Domain Protection during the June 7, 2021 deposition is grounds to compel another deposition.

And a review of the deposition notes attached to Domain Protection's briefing does not require a change to the Court's Order. Domain Protection contends that Mr. Spiro helped prepare the notes and show that he was ready for the deposition. *See id.* at 5-6. But the fact that Mr. Spiro helped prepare the notes does not make his performance acceptable. Mr. Spiro could not answer basic questions about the noticed topics, and his confusion and forgetfulness does not free Domain Protection from answering the questions during a deposition.

Domain Protection's assertions that Mercury "purposefully withheld" the notes from the Court, Dkt. No. 102 at 5, is not supported by the record. Mercury discussed the notes at length during the deposition, entered them into the record, and described them in detail in its motion to compel. *See* Dkt. No. 105 at 2.

Mr. Spiro's corrections to the deposition transcript, filed with Domain Protection's reply, do not necessitate a change to the Court's decision. A corporate designee cannot claim ignorance or confusion during a deposition only to amend his answers in writing weeks later and escape further questions. Allowing that practice would strip Mercury of the benefits of this "important tool of discovery." *Taylor v. Consol. Pipe & Supply Co., Inc.*, No. 3:15-CV-585-CWR-FKB, 2017 WL 3090317, at

*4 (S.D. Miss. July 20, 2017). Indeed, "[p]arties' strategies about whether a case will be litigated further or whether early resolution will be pursued are shaped, in part, by what is revealed from a deposition – both the facts obtained and how a deponent presents and performs." *Id.*

Here, discovery was reopened to determine the "critical" question of "[w]hether Defendant is the current owner of the domain name." Dkt. No. 65 at 2.

> Plaintiff would like to know whether someone other than Defendant owns sewardtrunk.com, because if Defendant is not the owner of sewardtrunk.com, it would be going to trial for injunctive relief against Defendant, even though Defendant could not provide such relief.

*Id.* Mercury must be allowed to depose a knowledgeable 30(b)(6) designee on this critical question so that it can determine whether to move forward with this case.

Further, while the corrections were necessary, many of the changes merely explain Mr. Spiro's confusion leaving a host of questions unanswered. And, when a party changes its testimony to such an extent, a second deposition to explore those changes might be necessary, even if the preparation of the witness is not at issue. *See Atlin v. Mendes*, No. 3:06-cv-1909-L, 2009 WL 306173, (N.D. Tex. Feb. 6, 2009) (granting request to reopen deposition to allow questions regarding changes to testimony).

Turning to the award of attorneys' fees, the Court declines to modify its previous ruling. Domain Protection contends that the fee award is not appropriate because Mercury did not meaningful attempt to obtain the discovery before filing its motion to compel. *See* Dkt. No. 102 at 8-12. And, concerning the award against

Domain Protection's counsel, Gary Schepps, Domain Protection contends that the award is inappropriate because Mr. Schepps prepared Mr. Spiro satisfactorily and Mr. Schepps is not responsible for Mr. Spiro's failure to understand or remember the information. *See id.* at 12-15.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a court grants a motion to compel,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).

Mercury attempted in good faith to obtain the discovery before filing its motion. Immediately after questioning Mr. Spiro, Mercury's counsel stated on the record that the "witness was completely unprepared to testify on all but two of the topics that were listed, and we reserve our right to seek a new corporate representative deposition of the defendant." Dkt. No. 93 at 92:13-16. That same day, in an email, Mercury again stated that Mr. Spiro was unprepared and that it would file a motion to compel unless "Domain Protection is willing to present a prepared corporate

representative and pay [the] costs and fees." Dkt. No. 88, Ex. 7. After no response, Mercury followed up two days later. *See* Dkt. 107-1 at 5-6. Domain Protection then asked why Mercury found the designee unprepared. *See* Dkt. No. 105 at 5. But, because the discovery deadline was that day, Mercury answered that question and then filed its motion to compel before Domain Protection responded.

Given the looming discovery deadline and Domain Protection's failure to meaningfully respond to Mercury's position that Mr. Spiro's testimony was inadequate and that another deposition would be required, Mercury made a good faith attempt to resolve the dispute before filing its motion to compel. And, given Domain Protection's opposition to producing a witness for another 30(b)(6) deposition, any further attempts would not have been fruitful.

As for the fees payable by Mr. Schepps, the Court declines to modify its order. The Court cannot agree with Mr. Schepps's position that he is not responsible for advising his client concerning the sanctionable conduct because it was not part of a filing. *See* Dkt. No. 102 at 13-16. By his own admission, Mr. Schepps prepared Mr. Spiro – who had no affiliation with Domain Protection until three weeks before the deposition – and helped prepare his notes used during the deposition. *See* Dkt. No. 102 at 13. Whatever that preparation consisted of, Mr. Spiro's testimony was less than adequate. The facts in this case lead the Court to find that requiring Mr. Schepps to pay the fees along with his client is necessary to deter parties and their counsel from producing an unprepared witness.

And Mr. Schepps's assertion that he never took a position on the sanctionable issue (Mr. Spiro's inadequate testimony) because Mercury filed its motion to compel so quickly, *see* Dkt. No. 107 at 10, is belied by the record. On behalf of his client, Mr. Schepps has now filed a response to the motion to compel, a motion to reconsider, and an objection to the undersigned's order, in which Domain Protection argues that Mr. Spiro's testimony was adequate and that another deposition is not necessary. *See* Dkt. Nos. 100, 102, 106. This position is not substantially justified based the record.

For these reasons, Domain Protection's Motion for Reconsideration of the July 1, 2021 Order Granting Mercury Luggage's Motion to Compel Corporate Designee [Dkt. No. 101] is DENIED.

SO ORDERED.

DATED: August 3, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE