IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, INC | § § § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:19-cv-1939 |
| | § | |
| DOMAIN PROTECTION, LLC, a Texas limited liability company, | § § § | |
| *Defendant*. | § | |

## DOMAIN PROTECTION'S RESPONSE TO MOTION FOR ATTORNEY FEES FILED BY MERCURY LUGGAGE MANUFACTURING COMPANY WITH BRIEF-MEMORANDUM IN SUPPORT

TO THE HONORABLE MAGISTRATE JUDGE DAVID L. HORAN:

Defendant Domain Protection, LLC, ("DomainPro"), responds to the *MOTION FOR ATTORNEY FEES FILED BY MERCURY LUGGAGE MANUFACTURING COMPANY WITH BRIEF-MEMORANDUM IN SUPPORT* (Doc. 109), and respectfully shows the following

### CONTENTS

I. BACKGROUND ................................................................................................ 2

II. MERCURY LUGGAGE DID NOT INCUR ANY FEES FOR THE MAKING OF ITS MOTION ................................................................................ 3

III. DOMAIN PROTECTION'S FEE POSITION IS SUBSTANTIALLY JUSTIFIED ......................................................................................................... 5

IV. MERCURY LUGGAGE VIOLATED LOCAL RULE 7.1 .............................. 6

V. SPECIFIC BILLING HOURS ......................................................................... 7

VI. MERCURY LUGGAGE'S 'EXPERT' OPINION ......................................... 10

VII. FIRST AMENDMENT RIGHT TO ASSOCIATE AND FIFTH AMENDMENT RIGHT TO DUE PROCESS (REPRESENTATION BY COUNSEL) ........................................................................................................ 13

VIII. CONCLUSION ........................................................................................... 15

## I. BACKGROUND

On July 6, 2021, counsel for Plaintiff Mercury Luggage wrote counsel for DomainPro and stated that "here are the rates for the people included in the fee request: Alan Wachs, Partner, $350 per hour Richard Rivera, Partner, $340 per hour Deanna Smith, Paralegal, $220 per hour". (Ex. A).  The stated rates were not subject to any special condition, discount, or disclaimer.

Also attached to the July 6 correspondence was "a spreadsheet showing the time that was spent on the motion to compel. We seek a total of $1,693.00." The amount was not subject to any discount.

Over the next couple of days, the parties conferred through their counsel. Counsel for DomainPro objected to fees incurred for conferencing with counsel, and some other matters, and counsel for Mercury Luggage responded by offering to compromise with a $1,500.00 fee demand. (Ex. B).

<u>DomainPro did not oppose the fee rates</u> or the fee amount $1,500.00, but raised the legal issue that pursuant to controlling Fifth Circuit precedent, "a party 'actually incurs' only the amount owed" to their attorney under their fee contract.  DomainPro, through their counsel suggested that the parties agree on the $1,500.00 amount for making Mercury Luggage's motion, if the court used the *In Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), 'compensation' standard, but not if the court uses a *Marre* 'amount owed' standard.[1]

In summary, DomainPro did not oppose the hourly rates Mercury Luggage stated would be included in the fee request, and did not oppose the $1,500.00

---

[1] DomainPro's Counsel suggested that the parties also separately agree on an amount if the 'amount owed' standard was applied, but Mercury Luggage rejected the suggestion. (Ex. B).

corrected total fee amount— which removed most of the objectionable time for items such as conferencing with opposing counsel— to be used if the court awarded fees based on a compensation standard as opposed to an incurred standard.

## II. MERCURY LUGGAGE DID NOT INCUR ANY FEES FOR THE MAKING OF ITS MOTION

In the recent U.S. Supreme Court case of *Niz-Chavez v. Garland, Attorney General*, 593 U. S. \_\_ (2021), a wide spectrum of judicial views, including those of Justices Sotomayor, Kagan, Thomas, and Gorsuch, ruled that courts must respect the language being construed and give full effect to the meaning of even the smallest words, to the extent that the requirement of "a" means one and only one. That standard has long been applied by the Fifth Circuit.

There are two types of fee shifting provisions: those which award expenses to a party as compensation, (whether or not those expenses were actually incurred by the party), and those which reimburse a party only for expenses actually incurred by that party. Some circuits have ignored the word "incurred" in fee shifting provisions and have treated all fee shifting provisions as compensatory provisions, providing for expense awards on a compensatory basis. By contrast, some circuits, <u>including the Fifth Circuit</u>, have taken an approach consistent with the Supreme Court's approach in *Niz-Chavez*, and have giving full meaning to the word "incurred", limiting fee shifting provisions based upon expenses incurred to those expenses a party was obligated to pay. The Fifth Circuit controlling precedent with regard to the construction of the word "incurred" in fee shifting provisions is *Marre v. US*, 38 F.3d 823 (5th Cir. 1994). In *Marre*, the Fifth Circuit adopted the Eight Circuit's approach to fee

shifting provisions providing for the shifting of costs "incurred" by a party. *Id*. at 828. Pursuant to the Fifth Circuit's holding, fee shifting provisions which are limited to expenses incurred by a party are limited to fees actually incurred – "only the amount owed" by the party under a fee contract. *See Id*.at 828-9.

The Fifth Circuit's precedent, not the rulings of other district courts or other appellate circuits, is the controlling precedent in this circuit. With that, the Fifth Circuit's construction of "incurred" is consistent with other federal circuits, including, for example, the Federal Circuit. *See e.g.*, *Pickholtz v. Rainbow Technologies, Inc.*, 284 F.3d 1365, 1375 (Federal Cir. 2002) ("The rule requires that the expenses be 'incurred.' We consider that term to be controlling on the issue, as the term means '[t]o have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively [t]o become liable or subject to.' Black's Law Dictionary (abridged 5th ed. 1983). See also Webster's Third New International Dictionary (1986) (defining the term as 'to become liable or subject to; to bring down upon oneself'). Thus, one cannot 'incur' ... that one is not obliged to pay.") [2]

---

[2] The Fifth Circuit and the United States Supreme Court apply the compensatory standard for fee shifting provisions <u>which do not contain the 'incurred' limitation</u>, or with specific legislative history, and allow for compensatory fee awards in those cases, not based on the obligation of a party to pay for any expense. *See e.g.*, *In Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). Likewise, some <u>circuits</u> disagree with the Fifth Circuit's reliance upon the word "incurred", and in those circuits, the compensatory standard for fee shifting is applied to fee shifting provisions even with the "incurred" limitation. *See e.g.*, *Centennial Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 681 (10th Cir. 2012) (reaching holding opposite the Fifth Circuit and acknowledging other "**circuit courts have indicated that when a fee-shifting statute allows recovery only for attorney fees** '**incurred**' **by a party (as in Rule 37(a)(5) ... the party must actually have paid or owe the fee to qualify for reimbursement.... [but we] disagree with th[ose court's] reliance on the word incurred.**").

Rule 37(a)(5)(A) applies an 'expenses incurred' standard to the award of fees. Under the Fifth Circuit's controlling precedent as to the construction of expenses incurred, *(Marre)*, the amount 'incurred' is the amount a party is obligated to pay. *Marre* 38 F.3d at 828-9.  As briefed above, where a party is not obligated to pay fees, then there is no fee incurred in that instance.[3]

In the case at bar, Mercury Luggage is not paying its counsel in this matter. Mercury Luggage's counsel has stated that "his client is not paying him in this matter" and "[t]o be absolutely clear, undersigned counsel and his firm have not charged Mercury Luggage and Advantus with a penny in attorneys' fees on this file". Doc. 84, pp. 9-10.   To be clear, Mercury Luggage's counsel "agreed that the firm of Smith, Gambrell & Russell would handle this federal litigation and would pass only its costs on to the client".  *Id.* at 9.

Because Rule 37(a)(5)(A) applies a 'expenses incurred' standard to the award of fees,  and Mercury Luggage did not incur any fees in making its Rule 37 motion,  Mercury Luggage is not entitled to recover fees for making its motion— since Mercury Luggage did not incur any fees for making the motion.

### III. DOMAIN PROTECTION'S FEE POSITION IS SUBSTANTIALLY JUSTIFIED

Rule 37(a)(5) provides a safe harbor provision requiring that a court "must not order" the payment of fees where an opposing party's response was substantially justified.  DomainPro did not oppose the fee rate requested by

---

[3] As discussed above, unlike provisions requiring expenses be incurred by a party, fee shifting provisions without the 'incurred' limitation, or with specific legislative history, provide for compensatory fee awards not based on the obligation of a party to pay for any expense. With respect to the construction of fee shifting provision language, the Supreme Court has ruled "fee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." *Flight Attendants v. Zipes*, 491 U.S. 754, 758 n. 2 (1989).

Mercury Luggage in its conferencing, and opposed only hours for which there is clear legal precedent establishing the requested hours were not appropriate, for example for time conferencing with opposing counsel. *See e.g., O'Beirne v. Stafford*, No. C15-1330RSL, (W.D. Wash. April 5, 2019)("Certain fees requested by plaintiff are not recoverable, however. Charges related to time spent attempting to resolve the discovery dispute prior to filing the motion to compel, reporting to the client, and reviewing the file were not 'incurred in making the motion' as required by Rule 37.") (Lasnik, J.). Counsel for Mercury Luggage then reduced some of the disputed hours and DomainPro agreed to the amount of $1,500.00 as the fee amount if the court used the compensatory and not the expenses incurred standard.

The dispute between DomainPro and Mercury Luggage was over the construction of the word "incurred" in Rule 37(a)(5) and DomainPro's position is based on controlling Fifth Circuit precedent, and is, accordingly, substantially justified.[4] In that circumstance, Mercury Luggage should not be permitted fees for making its post-Rule 37 fee application and asserting a contrary position.

### IV. MERCURY LUGGAGE VIOLATED LOCAL RULE 7.1

Local Rule 7.1 (b) requires that each motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed and if opposed, the certificate must state that a conference was held, indicate the date of conference and the identities of the attorneys conferring, <u>and explain why agreement could not be reached</u>.

---

[4] Mercury Luggage did not conference on its new demand for thousands of dollars in 'experts' fees, and did not conference on the amount or applicability of new hours it has added to its billing for work such as responding to Domain Protection's Rule 37 objection.

Since DomainPro did not oppose the rates that Mercury Luggage stated in conferencing that it would be requesting, and did not oppose the corrected work hours totaling $1,500.00 in fees, Mercury Luggage's certificate of conference should have disclosed those facts to the Court. Because Mercury Luggage did not disclose which portions of its motion were opposed or unopposed, Mercury Luggage should not be permitted fees for its fee motion, and certainly not for the unopposed portions and issues, or portions and issues for which Mercury Luggage failed to confer upon.

## V. SPECIFIC BILLING HOURS

<u>Objection to specific requests:</u>

Mercury Luggage requests fees for "6/7/2021 1508 RICHARD D. RIVERA 0.2 $ 68.00 (Seward Trunk) Discuss deposition of corporate representative". The description does not allow for a determination of what the work was, or if it was reasonable for the Rule 37 motion, or even performed in making the motion.

Mercury Luggage requests fees for "6/7/2021 1652 ALAN S. WACHS 0.6 $ 273.00 (Sewart Trunk) Exchange texts with R.Rivera regarding Seward Trunk 30(b)(6) testimonial issues (.4); Telephone conference with R. Rivera regarding deposition status (.2)". Again, the description does not allow for a determination of what the work was, or if it was reasonable for the Rule 37 motion, or even performed in making the motion.

Mercury Luggage requests fees for "6/9/2021 1508 RICHARD D. RIVERA 3.4 $ 1,156.00 (Seward Trunk) Make further attempts to confer with opposing counsel on motion to compel corporate designee (.2);". Time spent

DOMAIN PROTECTION'S RESPONSE TO MOTION FOR ATTORNEY FEES FILED BY MERCURY LUGGAGE MANUFACTURING COMPANY WITH BRIEF-MEMORANDUM IN SUPPORT

Page 7

conferring with opposing counsel is not time performed in making a motion to compel. *See O'Beirne v. Stafford*, No. C15-1330RSL, (W.D. Wash. April 5, 2019)("Certain fees requested by plaintiff are not recoverable, however. Charges related to time spent attempting to resolve the discovery dispute prior to filing the motion to compel, reporting to the client, and reviewing the file were not 'incurred in making the motion' as required by Rule 37. ") (Lasnik, J.).

Mercury Luggage requests fees for "6/15/2021 965 DEANNA H. SMITH 0.4 $ 88.00 - Draft and revise Notice of Filing Deposition Transcript of Frank Spiro in support of Plaintiff's Motion to Compel Deposition of Corporate Representative (.30); finalize and e-file same (.10)."   Mercury Luggage's Rule 37 motion did not cite to any page of the Spiro Transcript, and the Federal Rules of Civil Procedure do not provide for nor allow a party to file a post-motion "Notice" of evidence in an attempt to supplement a motion without a motion seeking leave.

Mercury Luggage requests fees for "7/6/2021 1508 RICHARD D. RIVERA 1 $ 340.00 -   Discuss amount of fee claim with opposing counsel (.1); prepare schedule of fees sought and send to opposing counsel with cover email detailing conditional agreement sought (.4); discuss request to consent to reconsideration of order on motion to compel with opposing counsel (.1)".   As discussed above, time spent conferring with opposing counsel is not time performed in making a motion to compel.

Mercury Luggage requests fees for "7/8/2021 1508 RICHARD D. RIVERA 0.6 $ 204.00 - Review correspondence from opposing counsel regarding amount of fee request and authority cited therein (.2)".   Again, as

discussed above, time spent conferring with opposing counsel is not time performed in making a motion to compel.

Mercury Luggage requests fees for "7/9/2021 1508 RICHARD D. RIVERA 0.5 $ 170.00 -Draft joint report on attempts to confer on amount of fee award and transmit draft report to opposing counsel (.3); incorporate defendant's position into joint report and edit to reflect no agreement (.2)". Time spent conferring with opposing counsel and reporting on conference efforts is not time performed in making a motion to compel.

Mercury Luggage requests fees for "7/16/2021 1508 RICHARD D. RIVERA 0.2 $ 68.00 - Review and consider objections to magistrate's order filed by opposing party (.2)", for "7/16/2021 1508 RICHARD D. RIVERA 0.2 $ 68.00 - Review and consider objections to magistrate's order filed by opposing party (.2)", for "7/21/2021 1508 RICHARD D. RIVERA 1.2 $ 408.00 - Conduct review and analysis of relevant authority concerning standard for setting aside magistrate judge ruling under Rule 72(a) (.4); begin drafting response to Rule 72 objection (.8)", and for "7/22/2021 1508 RICHARD D. RIVERA 1.9 $ 646.00 - Continue drafting response to Rule 72 objections to order compelling deposition of corporate designee (1.5); review and revise response to Rule 72 objections (.4)". In *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002), the Fifth Circuit determined the amount of fees paid under both Rule 37(a)(4), and Rule 37(b)(2). In *Tollett* the movant responded to two separate appeals from fee awards on their Rule 37 discovery motion. The Fifth Circuit did not allow any fees for post-filing work on the Rule 37 motion. No fees were permitted for any of the work performed responding to the appeals from

the Rule 37 orders. Instead, the Fifth Circuit ruled that "[p]ursuant to Rule 37(a)(4), Tollett may recover fees incurred for the motion to compel." Rule 37(a) does not provide for expenses incurred with relationship to objections made to Rule 37 orders, or appeals taken therefrom.

This Honorable Court has invited a request for 'fees on fees', and to avoid waiver of the issue, DomainPro herein objects to those fees for matters after the making of Mercury Luggage's Rule 37 motion. Fees <u>for making</u> a Rule 37 motion, including the fees involved for requesting fees in that motion, are fees supported by Fifth Circuit precedent. However, DomainPro could find no Fifth Circuit precedent authorizing fees for making a post-Rule 37(a)(5) fee application. Unlike other fee provisions, Rule 37(a)(5) is expressly limited to "the movant's reasonable expenses <u>incurred in making the motion</u>".

## VI. MERCURY LUGGAGE'S 'EXPERT' OPINION

Mercury Luggage seeks $2,645 for "a third party declarant, attorney Eric Madden, to opine on the reasonableness of the rates and hours expended by Mercury Luggage's legal professional".

Again, paying for an expert's opinion as to an attorney's fee rate is not reasonable or necessary when the requested <u>rate</u> (stated when the parties conferred on the fee application) was not opposed. If the expert's opinion were necessary, Mercury Luggage has offered no evidence that the $2,645.00 rate for the 'expert' opinion is a reasonable rate for such an opinion. Further, since Eric Madden's opinion about the reasonableness of Mercury Luggage's counsel's work is not necessary, the fee and expense of the 'expert' opinion are unnecessary and unreasonable.

Further, if Eric Madden's expert opinion were necessary for Mercury Luggage's fee application, then Mercury Luggage is not entitled to a fee because if the expert opinion is necessary, it fails as an expert opinion. Eric Madden's expert opinion is inadmissible and objected to on the following grounds:

Eric Madden's opinion is pure *ipse dixit*. Eric Madden does not disclose his methodology. An expert opinion must be shown to be based on a methodology that does not diverge "significantly from the procedures accepted by recognized authorities in the field". *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 584 (1993). *Daubert*'s holding applies to all expert testimony. *See* Fed. Rule Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). As a matter of well-established law, "A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness". *Guile v. US*, 422 F.3d 221, 227 (5th Cir. 2005). Showing "a reliable methodology is in all instances mandatory. "[W]ithout more than credentials and a subjective opinion, an expert's testimony that `it is so' is not admissible." *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007). A party offering an expert's opinion must show the methodology used and "prove by a preponderance of the evidence that the testimony is reliable". *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 270, 276 (5th Cir. 1998). Mr. Madden explains he reviewed the file of counsel for Mercury Luggage. Mr. Madden does not disclose how he then determined if the number of billed hours were or were not reasonable. The methodology and standard applied by Mr. Madden, if any, in making his determination of reasonableness is wholly undisclosed.

Eric Madden is also not qualified as an expert in prevailing market rates for Mercury Luggage's counsel -- he is not an economist and has offered no research he has conducted as to prevailing market rates. Eric Madden also does not state

he is personally familiar with the prevailing market rates for attorneys with the <u>same number of years experience</u> as Mercury Luggage's counsel.

Most attorneys are qualified as fact witnesses based on their personal knowledge to state the prevailing rates for the area in which they practice. Generally, a fee applicant will submit affidavits from other attorneys in the community showing the prevailing market rates in the community. Pursuant to the submitted billing, on "*7/20/2021 ... RICHARD D. RIVERA ... Draft[ed the] declarations in support of application for fees*". Eric Madden is not reported to have drafted his opinion, and as a fact witness, he was already familiar with the customary rates charged by attorneys in Dallas. Signing a declaration prepared by someone else stating the prevailing rates in Dallas, should reasonably take five or ten minutes, and does not require or involve reviewing a litigation file— as the information of the prevailing rates in Dallas is already known to such a witnesses. As discussed above, Mr. Madden opines that the hours worked by Smith, Gambrell are a reasonable amount-- but Mr. Madden offers <u>no methodology</u> as to how he reached that opinion as to the hours billed by counsel for Mercury Luggage, or what standard or basis he used to determine his conclusion. Likewise, there is no evidence that Mr. Madden's hourly rate of $1,150.00 is reasonable.

Further, Mr. Madden was not disclosed in Mercury Luggage's discovery responses, was not disclosed prior to the expert designation deadline, and, Mercury Luggage produced no expert report from Mr. Madden. Pursuant to the Court's scheduling order, (Doc. 20), the expert designation deadline was last year.

In summary, Mr. Madden's fee is not reasonable because it was not necessary. If Mr. Madden's review of the amount of work of Mercury Luggage's counsel is necessary for a fee award, then, on that basis alone, Mercury Luggage is not entitled to an award because Mr. Madden's opinion as to the reasonableness of hours worked by Mercury Luggage's counsel is *ipse dixit* and therefore inadmissible. Thus, if the opinion was necessary, since the opinion is inadmissible, Mercury Luggage would be left without a necessary expert. Mr. Madden has not disclosed the methodology he used to determine what is a reasonable amount of work, nor has Mr. Madden stated or shown that his methodology in determining the purported reasonableness of work performed or the amount of time spent on that work was based on any generally accepted method by authorities in the field. *See Daubert*. The issue as to reasonableness of amount of time or work performed is also probably an ultimate issue, and/or a legal issue for the court. For all of the reasons discussed above, Mr. Madden's fee is not reasonable— especially where the hourly fee of counsel was not contested, and the opposition to fees was based on the legal issue of whether any particular type of work was recoverable under Rule 37, not as to the reasonableness of the amount of hours billed on that particular work.

### VII. FIRST AMENDMENT RIGHT TO ASSOCIATE AND FIFTH AMENDMENT RIGHT TO DUE PROCESS (REPRESENTATION BY COUNSEL)

Litigant's right to representation by counsel is a constitutional right. Because entities are allowed to participate in the judicial process only by counsel, the right is a fundamental right. Imposition of liability upon counsel because a party's deponent was unable to remember facts or became confused in

a deposition, chills a party's ability to secure counsel, and thereby infringes upon their constitutionally protected rights. If a party's attorney is sanctioned for good faith efforts in representing their client in responding to an excessive or improper fee request, or in offering argument consistent with the precedent of the United States Court of Appeals for the Fifth Circuit, then the sanctioning court would be directly interfering with the party's right to representation and chilling the representation provided by counsel— which would violate the constitutional guarantees and protections provided by the First and Fifth Amendments. *See Reno v. American Civil Liberties Union*, 521 U.S. 844, 972 (1997))(chilling effect upon Fist Amendment rights is a constitutional issue); *Dombrowski v. Pfister*, 380 U.S. 479, 487 (1965) (recognizing mere threat of sanction can have chilling effect upon the exercise of First Amendments rights); and *see e.g.*, *Shapiro v. Thompson*, 394 U.S. 618, 623 (1969) (recognizing chilling effect on Fourteenth Amendment rights). Of course, if an attorney acted in bad faith and offered frivolous argument which was not supported in law, then such attorney would be properly subject to sanctions for their own improper conduct. But where an attorney is charged with the costs of their client's opponent in requesting fees, because the attorney is in good faith representing his client pursuant to his good faith understanding of the law-- then if sanction were imposed upon an attorney for his representation of his client the sanction would violate the constitutional protections ensuring a party's right to representation by counsel.

## VIII. CONCLUSION

For a fee application of $1,500.00 in fees claimed for making a Rule 37 Motion— where neither the reasonableness of the amount of time spent on work or the billing rate was opposed in conference— an additional demand for $8,500.00 in purported fees for a fee motion is not reasonable.

DATED:  August 13, 2021

                                          Respectfully submitted,

*/s/ Gary N. Schepps*

Gary N. Schepps
Texas Bar No. 00791608
Drawer 670804
Dallas, Texas  75367
(972) 200-0000 - Telephone
(972) 200-0535 - Facsimile
legal@schepps.net
Counsel for DOMAIN PROTECTION, LLC

DOMAIN PROTECTION'S RESPONSE TO MOTION FOR ATTORNEY FEES FILED BY MERCURY LUGGAGE MANUFACTURING COMPANY WITH BRIEF-MEMORANDUM IN SUPPORT

Page 15