**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, a Florida corporation, | |
| Plaintiff, | Civ. Case No.: 3:19-cv-1939-M |
| v. | |
| DOMAIN PROTECTION, LLC, a Texas limited liability company, | |
| Defendant. | |

**PLAINTIFF, MERCURY LUGGAGE MANUFACTURING CO.'S**
**REPLY IN SUPPORT OF APPLICATION FOR FEES**

## I.     Introduction

Plaintiff, Mercury Luggage Manufacturing Co. ("Mercury Luggage") offered to resolve its fee award with Defendant, Domain Protection, LLC ("Domain Protection") for $1,500 to avoid the necessity of having to submit a fee application. Domain Protection claims that the parties reached a contingent deal on the award of $1,500, however, that position is false, since Domain Protection took the position advocated in its Opposition, that Mercury Luggage was not entitled to recover *any* fees in connection with its motion to compel deposition of Domain Protection's corporate representative.

Domain Protection's Opposition to Mercury Luggage's Fee Application asks this Court to adopt two untenable positions. First, that a court is powerless to sanction a party for failing to provide discovery in a case where its adversary is represented *pro bono* or on a contingency basis and, second, that a party who receives a fee award under Rule 37 cannot be compensated for all of

1

the work done in moving to compel, including responding to challenges to that fee award. As these positions are anathema to the policies underlying Rule 37, this Court should set the amount of the fee award to Mercury Luggage under its July 1 Order (DE 101) as set forth in its fee application.

**II.    The Fifth Circuit's decision in *Marre*, does not compel the result that Domain Protection asserts in the Opposition.**

Throughout the Opposition, Domain Protection argues that this Court is without authority to award sanctions against Domain Protection on the grounds that Mercury Luggage has not received an invoice from its counsel in this matter. *See* Opp. (DE 113) at 3-4 (*citing Marre*, 38 F.3d 823 (5th Cir. 1994)). This conclusion does not follow from a careful reading of *Marre* and other Fifth Circuit authority.

In *Marre*, the Fifth Circuit considered an award of attorneys' fees against the United States government under a statute that provides for an award of attorneys' fees that taxpayers incur in prevailing in tax proceedings against the government. *Marre*, 38 F.3d at 828. The court found that the statute at issue did not allow the taxpayers to recover more from the government for the case than they had actually paid, or been obligated to pay, their attorneys under a contingency fee agreement based on the total amount recovered in the case. *Id.* As a result, the Fifth Circuit reduced the award of attorneys' fees from $215,000 to $107,500, plus costs. *Id.* at 829.

In a later opinion, the Fifth Circuit further clarified its *Marre* holding and reasoning. *See U.S. v. Claro*, 579 F.3d 452 (5th Cir. 2009). In *Claro*, a plaintiff obtained a fee award against the United States under the Hyde Amendment, which was enacted to allow wrongfully prosecuted criminal defendants a means to recover their attorneys' fees caused by the government for prosecutorial misconduct. *Id.* at 456. The Fifth Circuit disallowed certain items that were included in the trial court's fee award on the grounds that the fees were not incurred as required under the statute. *Id.* at 463, 468.

2

In reaching that conclusion, the Fifth Circuit reasoned that the statute at issue in this case, like that at issue in *Marre*, constituted a waiver of sovereign immunity and, therefore, must be strictly construed in favor of the sovereign. *Id.* at 458 (*citing Lane v. Pena*, 518 U.S. 187, 192 (1996)). The court stated, "the principle that waivers of sovereign immunity should be narrowly construed compel our holding that, because the Hyde Amendment incorporates the 'incurred' requirement from the [Equal Access to Justice Act], amounts awarded under the Hyde Amendment are ***capped at the rates provided for in contingent-fee contracts, unless, as discussed infra, a court determines a contingent-fee amount is unreasonable***." *Id.* at 461 (emphasis supplied).

The Fifth Circuit further considered potential bases for awarding a litigant more under the Act than he or she was legally obligated to pay an attorney, finding that such awards further the congressional intent underlying the EAJA. *Id.* at 466. The court then analyzed the fees at issue to see if they fit one of the broad categories when fees are allowed even absent an obligation to otherwise pay the attorney: *pro bono* representation or when policy dictates allowing fees to further the goals of the EAJA. *Id.* Finding that they did not, the Fifth Circuit confirmed that no fees should be awarded for paralegal work performed by the litigant's wife.

Rule 37 is not in derogation of sovereign immunity and should not be strictly construed in the same manner as the statutes providing for fees against the government in *Marre* and *Claro*. Indeed, in *City of Jackson*, the Fifth Circuit analyzed similar language and held that it did not require a denying fees to the government, who was represented by its own employees. *U.S. v. City of Jackson*, 359 F.3d 727, 732 (5th Cir. 2004). There the City of Jackson entered into a consent decree with the federal government that stated that the court could enter an award of "costs and/or attorneys' fees ***which may be occasioned*** by the City's violation of [the] Consent Decree." *Id.* at 729 (emphasis supplied). On appeal, the City challenged the ability to award attorneys' fees for

the federal government's enforcement action because the government was represented by government employees. *Id.* at 732. The Fifth Circuit rejected this argument noting that the decree specifically provided for the award of attorneys' fees "occasioned by" the City's violation of the decree. The court further held that the government would not be limited to recovering the employees' salary on a *pro rata* basis for hours spent in enforcing the decree, but that, as argued in Mercury Luggage's fee application, the rate to be awarded is the appropriate rate in the local legal community. *Id.* at 733 (*citing Blum v. Stenson* 465 U.S. 886, 892-95 (1984)*.* In reaching its conclusion, the Fifth Circuit cited with approval an Eighth Circuit decision awarding fees for work of a government employee under Rule 37. *Id.* (*citing U.S. v. Big D. Enters. Inc.*, 184 F.3d 924, 936 (8th Cir. 1999)). The Fifth Circuit affirmed an award to the government at the full rate requested for its attorney employees. *Id.*

In *City of Jackson*, the party being sanctioned by the court had occasioned the work by the government's attorneys, however, as argued by that party, it did not cause the government to actually pay any additional amounts to its attorneys, who would have remained employed regardless. Despite that fact, the Fifth Circuit easily disposed of the argument that the government could not recover these amounts and the argument that it could only recover the amounts that it actually paid the attorneys during the extra time enforcing the decree. Likewise, Domain Protection here argues that this Court cannot sanction it by requiring Domain Protection to pay the amounts associated with Mercury Luggage's additional work that were incurred as a result of Domain Protection's actions in failing to produce a proper corporate representative for deposition. As in *City of Jackson*, this Court should reject this argument and award Mercury Luggage the lodestar amount for its work in moving to compel the deposition of a proper corporate representative.

However, even if this Court were to analyze Rule 37 in the same manner advanced by Domain Protection, it still would not compel the result that Domain Protection seeks. The *Claro* court noted that fees under the EAJA are capped at the amount that the litigant agrees to pay an attorney unless "a court determines a contingent-fee amount is unreasonable." *Claro*, 579 F.3d at 461. Here, an award of $0, as Domain Protection argues is appropriate, would be objectively unreasonable.

Further, it would not support the policies of Rule 37, which is in place to "provide[] generally for sanctions against parties or persons unjustifiably resisting discovery." Fed. R. Civ. P. 37 Cmt. 1970 Amendment. The Committee noted that "the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery," and prior to the amendments clarifying the standard, "it appears that the courts do not utilize the most important available sanction to deter abusive resort to the judiciary." *Id.*

Under Domain Protection's theory, a court would be powerless to award sanctions against any party who refused to participate in the discovery process if the opposing party was represented *pro bono*, was under a contingency agreement with its attorneys, or whose attorneys wrote off time. This would completely undermine the purpose of Rule 37. Even under the *Claro* analysis, an award of fees would be appropriate in such a case.

Finally, even if the Court were unable to award fees under Rule 37, which it is not, it would still be permitted to sanction a party for failing to participate in discovery. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). A court has the inherent power to manage their own affairs, which include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Thus even if Rule 37 did not directly allow this Court to sanction Domain Protection for work that

its failure to provide discovery caused, which it does, this Court would still possess the inherent authority to award such sanctions.

As such, this Court should award Mercury Luggage fees for the work relating to filing the motion to compel and fee application caused by Domain Protection's failure to provide discovery.

### III. Mercury Luggage is entitled to all fees relating to its work to compel the deposition of a proper corporate representative.

.

Rule 37 provides that a litigant is entitled to recover all amounts caused by the opposing party's failure to provide discovery. Fed. R. Civ. P. 37(a)(5). This standard eschews those amounts relating to actions that the moving party would have had to have taken even without the discovery misfeasance. *See Haeger*, 137 S. Ct. at 1186-87. It does not, as Domain Protection argues, prohibit an award of fees for actions required to bring a motion to compel or recover fees in this court, including defending against the sanctioned party's collateral attacks on the fee award.

Although this Court limited an award of fees to amounts relating to bringing the motion to compel, it did not state, as argued by Domain Protection, that Mercury Luggage could only recover for the time that Mercury Luggage's counsel spent physically typing the motion. Indeed, the Court's order expressly indicated that Mercury Luggage could seek the fees relating to preparing and filing the fee application itself. Order (DE 101) at 4 (*citing Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019)).

In *First Mercury Insurance*, this Court noted not only that a movant could recover fees for preparing and filing an application for fees, but also "time spent on additional briefing and any oral argument or hearing[.]" 2019 WL 7900687, at *5 (*citing Wysocki v. Dourian*, No. 2:17-cv-333-JAD-NJK, 2017 WL 4767145, at *2 (D. Nev. Oct. 20, 2017)). In that case, this Court rejected hours spent on matters that were remedied before the filing of the motion to compel, but allowed fees for, among other things, "communicating with Plaintiff's counsel in an effort to avoid having

6

the file the Motion[.]" *Id.* at *6-7. Moreover, the court rejected the non-movant's argument that an award of fees would be unjust as untimely and unpersuasive.

Here, Mercury Luggage, as indicated in the Court's order of July 1, has only sought fees relating to preparing and filing of its motion to compel and its fee application. Further, as indicated in *First Mercury Insurance*, Mercury Luggage seeks the fees for the additional briefing on its motion to compel occasioned by Domain Protection's two collateral attacks on the award, first through its motion for reconsideration and second through its objection under Rule 72 to this Court's order. *See Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 314-15 (C.D. Cal. 2020) (awarding sanctions under Rule 37 for, among other things, time spent on reconsideration motion); *Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1180 (E.D. Pa. 1996) (ordering party's attorney to pay costs of opposing party's response to motion for reconsideration of order under Rule 37).

In addition to the actual time spent typing the motion to compel and responses to these attacks, Mercury Luggage sought fees for the limited time its counsel spent planning the motion, the time incurred holding conferences with opposing counsel to avoid the need for a motion to compel and fee application, as expressly required by the Local Rules and this Court's Order, and preparing the supporting documentation for its motions, including filing the deposition transcript, which this Court expressly cited in its order granting Mercury Luggage's motion to compel. Order (DE 101) at 2-3.

Indeed, to accept Domain Protection's argument that a litigant is not entitled to recover for time spent responding to collateral attacks on a sanctions order would incentivize litigants sanctioned under Rule 37 to waste the court's time, and the time of the party receiving the sanctions, with multiple collateral attacks, as Domain Protection has done here, in the hopes that

the party receiving the sanctions award would give up and simply not respond to avoid any more unnecessary expenses. This cannot be the correct result under Rule 37.

In addition, Mercury Luggage sought the expenses it incurred in obtaining a declaration from an attorney practicing in the Dallas area supporting that the rates requested in Mercury Luggage's application are reasonable for this Court. This Court ordered order Mercury Luggage to make a fee application "supported by documentation evidencing the 'lodestar' calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested" if the parties were unable to agree on the amount of fees to be awarded to Mercury Luggage. Order (DE 101) at 5 (*citing Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002)). In *Tollett*, the Fifth Circuit stated that "[g]enerally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368 (*citing Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993)).

Based on this Court's direction, and the longstanding guidance of the Fifth Circuit, Mercury Luggage obtained a declaration from an esteemed attorney practicing in Dallas, Eric Madden, to attest to the going rates for legal work in the Dallas area. App. (DE 110) at 017-019. Mr. Madden is highly regarded, having earned several distinctions, including being named one of 500 Leading Lawyers in America for multiple years, being named a Super Lawyer for seven years, and earning the highest ratings from Martindale-Hubbell. *Id.* at 021-022. Mr. Madden's declaration was necessary to properly support an application for fees in the Fifth Circuit. As such, it is compensable under Rule 37.

Moreover, unlike the assertion in Domain Protection's response, the parties did not agree on the rates or an amount to be awarded for the motion to compel. Rather, as discussed in the Joint Report that the parties filed as directed by this Court—the existence and content of which belies Domain Protection's claim that the parties did not confer on the fee application—Domain Protection challenged that Mercury Luggage could obtain *any* fee award on the grounds that its counsel had not charged it for any work in this matter. Report (DE 104) at 2. Domain Protection instead insisted that the parties brief what standard the Court should employ in determining the rate to be awarded and asked Mercury Luggage to cap the fee award at the discounted amount that it offered to resolve the fee issue without the need for such briefing. *Id.* at 2-3. That is, although this Court ordered that Mercury Luggage would recover the amounts related to making an application for fees, Domain Protection wanted Mercury Luggage to brief a fee application, as well as Domain Protection's multiple collateral attacks, and forgo its entitlement to recover its fees for doing so. This does not represent an agreement on the rate to be awarded. As such, Mercury Luggage needed to support the lodestar analysis as this Court directed it to do and did so with Mr. Madden's declaration.

### IV.    Mercury Luggage seeks the amounts relating to filing this reply.

In addition to the $9,001.50 sought in Mercury Luggage's Application for Fees (DE 109), counsel for Mercury Luggage spent another 6.5 hours in preparing and filing this Reply brief, at an hourly rate of $340. *See* Rivera Declaration dated August 27, 2021, attached hereto as Exhibit A. As such, Mercury Luggage seeks an additional $2,210 for a total of $11,211.50 under the Court's Order of July 1 (DE 101).

## V.    Conclusion

Mercury Luggage obtained an order compelling discovery against Domain Protection in which the Court directed it to confer with Domain Protection on the amount to be awarded. Mercury Luggage attempted to resolve its fee claim for $1,500, but Domain Protection asserted that Mercury Luggage could recover $0, both based on its fee agreement with its counsel and due to claimed errors in this Court's analysis. As a result, Mercury Luggage has been required to meet these contentions in briefing its fee application and responding to two separate collateral attacks on this Court's order, and has sought the additional fees for doing so. Moreover, it has done so in the manner in which this Court has directed based on Fifth Circuit guidance.

Accordingly, this Court should enter an order establishing the amount of fees awarded under the July 1 Order (DE 101) to be $11,211.50.

Dated: August 27, 2021

<div style="margin-left:40%">

*/s/ Richard D. Rivera*
Richard D. Rivera
Florida Bar No. 108251
Email: rrivera@sgrlaw.com
Alan S. Wachs (admitted *pro hac vice*)
Florida Bar No. 0980160
Email: awachs@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura St, Suite 2600
Jacksonville, FL 32202
(904) 598-6100
(904) 598-6300 (fax)

and

Charles C. Frederiksen
State Bar No. 07413300
GLAST, PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75257-1449
Direct Dial: 972-419-7184
Fax: 972-419-8329
Email: cfrederiksen@gpm-law.com

*Attorneys for Plaintiff*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 27, 2021, I filed the foregoing with the Clerk of Court using

the CM/ECF system, which will send a notice of electronic filing to:

Gary N. Schepps
Drawer 670804
Dallas, TX 75367
legal@schepps.net

***Counsel for Defendant***

*/s/ Richard D. Rivera*
Attorney

11