IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, a Florida corporation,<br>    Plaintiff,<br><br>V.<br><br>DOMAIN PROTECTION, LLC, a Texas limited liability company,<br><br>    Defendants. | § § § § § § § § § § § § § | No. 3:19-cv-1939-M-BN |

## **MEMORANDUM OPINION AND ORDER**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 131.

Plaintiff Mercury Luggage Manufacturing Company ("Mercury Luggage") seeks leave to file a First Amended Complaint to add an additional party. *See* Dkt. No. 122. Defendant objects to the amendment.

For the reasons and to the extent explained below, the Court GRANTS Mercury Luggage's Motion for Leave to File First Amended Complaint [Dkt. No. 122].

### **Background**

Mercury Luggage sued Defendant Domain Protection, LLC ("Domain Protection Texas") in August 2019, alleging violations of the Anticybersquatting Consumer Protection Act, 15. U.S.C. § 1125(d) and seeking to recover sewardtruck.com ("the Domain") from the current registrant. The initial discovery

period concluded on July 10, 2020, and the deadline for joinder of parties and to amend the pleadings expired on April 2, 2020. But, on January 29, 2021, Domain Protection Texas stated, purportedly for the first time during the nearly year-and-a-half-long proceedings, that it does not control the Domain and that a trial would be pointless because Domain Protection Texas would be unable to transfer the Domain to Mercury Luggage if the court ordered it to do so. Finding good cause, the Court granted Mercury Luggage's motion to continue trial and reopen discovery for 75 days to allow Mercury Luggage to attempt to identify who has owned and/or controlled the Domain since this suit was filed in 2019.

In its proposed Amended Complaint, Mercury Luggage seeks to add, in addition to Domain Protection Texas, an identically named entity organized under the laws of Virginia: "Domain Protection Virginia." Mercury Luggage asserts that Domain Protection Virginia was formed on the same date as Domain Protection Texas, by the same organizer, Lisa Katz, who managed both entities through at least 2020 and maintained the principal place of business for both entities in Dallas, Texas. Mercury Luggage further alleges that, in addition to sharing a manager and principal place of business, the Domain Protection entities share an attorney and store their records at that shared attorney's office.

Mercury Luggage alleges that the registrant of the Domain from at least March 1, 2018 through December 1, 2019, nearly four months after Mercury Luggage initiated suit, was listed as Domain Protection, LLC, with Lisa Katz listed as the contact. And, on June 18, 2018 and November 14, 2019, respectively, Domain

Protection Texas and/or Domain Protection Virginia renewed the Domain's registration, and the renewals were sent to, and paid for by, Lisa Katz. On December 1, 2019, the Domain was transferred to a new registrar, Name Silo, LLC, paid for using a credit card in the name of "L. Katz," with the same listed address as Domain Protection Virginia's registered agent. Mercury Luggage alleges that the Domain's nominal registrant listed with Name Silo is RCL Systems but that there is no entity nor any fictitious name filings with the name RCL Systems registered with the Virginia Secretary of State. And, according to Mercury Luggage, the registered agent's office listed as the contact address for RCL Systems allegedly has no record of providing services to any entity using that name, and the telephone number listed for the Domain registrant is the same telephone number for Domain Protection Defendants' shared attorney.

Mercury Luggage asserts that, in light of these alleged facts, along with the purported fact that Domain Protection Texas offered in the course of settlement negotiations to sell the Domain to Mercury Luggage, "the current registrant and owner of the Domain is Domain Protection Texas, Domain Protection Virginia, or an entity that is under the control of the Domain Protection Defendants, their agents, their owners, or some combination thereof." Due to the conflicting evidence over who owned and/or had control over the Domain since the lawsuit was filed in August 2019, and since the purported transfer in December 2019, Mercury Luggage seeks to amend its complaint to add Domain Protection Virginia as a defendant "to avoid any further claims that [it] sued the wrong entity" and to prevent what it characterizes as further

attempts to "obfuscate the true owners/registrants of the domains in [the Domain Protection Defendants'] control."

## Legal Standards

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2).").

When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Fed. R. Civ. P. 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Fed. R. Civ. P. 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would

be futile").

## Analysis

Neither party disputes that Mercury Luggage's motion to amend the complaint is untimely. The deadline for both the amendment of pleadings and joinder of parties was April 2, 2020. *See* Dkt. No. 20. Mercury Luggage filed its Motion for Leave to File Second Amended Complaint on October 11, 2021. And so the Court must determine whether there is good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4).

The first factor requires an explanation for the movant's failure to timely amend. *See S&W*, 315 F.3d at 536. Courts have found sufficient explanation in cases involving developments in applicable law and when new facts become known through depositions and document production while the case is pending. *See Robles v. Archer W. Contractors*, LLC, No. 3:14-cv-1306-M, 2015 WL 4979020, at *3 (N.D. Tex. Aug. 19, 2015); *Settlement Capital Corp., Inc. v. Pagan*, 649 F. Supp. 2d 545, 566-67 (N.D. Tex. 2009). Courts have not found sufficient explanation when a scheduling mistake caused a missed deadline, a party misunderstand a statute, or a party did not understand the scheduling order. *See Regions Bank v. Law Offices of Sherin Thawer, P.C.*, No. 3:11-cv-1285-L, 2012 WL 1191850, at *6 (N.D. Tex. Apr. 10, 2012) (denying a motion to amend because Plaintiff could not identify a "reasonable explanation for the delay").

Mercury Luggage explains that it did not request leave to file the amendment within the deadline set by the original scheduling order because it did not know the

facts forming the basis of the additional claims asserted in the proposed amended complaint until after the April 2, 2020 deadline passed. Specifically, Mercury Luggage contends that Domain Protection Texas asserted its ability to transfer or sell the Domain to Mercury Luggage multiple times between September 2019 and July 2020. And Domain Protection Texas did not provide its initial disclosures until June 2020 and did not identify Domain Protection Virginia or its purported involvement in any of its disclosures or in its responses to relevant discovery requests. Domain Protection Texas also purportedly did not expressly disclaim its ability to transfer ownership or control of the Domain until January 29, 2021, nearly ten months after the deadline to amend the complaint had passed.

Because of this history, Mercury Luggage claims that it did not know of Domain Protection Virginia's involvement, and thus had no reason to join it as a party, until September of 2021, when Mercury Luggage deposed the Domain Protection Defendants' shared manager Lisa Katz. Mercury Luggage alleges that it was during that deposition that it was first revealed that Domain Protection Virginia that held the registration for the Domain in August of 2019 when the lawsuit was initiated.

Domain Protection Texas argues that Mercury Luggage has known of Domain Protection Virginia's existence since at least July 2020 and suggests it is therefore unreasonable for Mercury Luggage to seek to amend its complaint and join Domain Protection Virginia a year and a half later. Mercury Luggage acknowledges it has been aware of Domain Protection Virginia's existence and, in a July 2020 motion to

compel, identified Domain Protection Virginia as the entity which may have had ownership or control over the Domain. *See* Dkt. No. 24. Mercury Luggage maintains that it inadvertently conflated the identically named entities in its motion to compel but explains that it was seeking discovery of an agreement that the entities' shared manager, Lisa Katz, entered into for "Domain Protection, LLC" to control a portfolio of domain names and asserts that it at all times believed Domain Protection Texas had that agreement in its custody, control, or possession.

The fact that Mercury Luggage was aware, well before the scheduling order deadline, that Domain Protection Virginia existed, was jointly managed by Domain Protection Texas's manager, and similarly held a portfolio of domains that might have included the sewardtrunk.com domain weighs against allowing it to now amend its complaint to now join Domain Protection Virginia as a party. But, as a review of the proceedings in this case make clear, Domain Protection Texas has communicated with Mercury Luggage and with the Court in a manner that suggested it has ownership or control over the Domain for years. And, most significantly, new information regarding the entity that held the registration in August 2019, when Mercury Luggage initiated this suit, was not divulged until Lisa Katz's deposition, which occurred long after the April 2, 2020 deadline. Accordingly, Mercury Luggage has provided sufficient explanation for why it did not join Domain Protection Virginia as a party within the timeline set by the original scheduling order, and this factor does not weigh against granting Mercury Luggage's motion.

The second factor requires that the Plaintiff identify the importance of the

untimely amendment. Mercury Luggage argues that the proposed amendment is "important to secure the just, inexpensive, and speedy determination" of the case, because Domain Protection Texas's revelation that it is unable to transfer the Domain and that Domain Protection Virginia controlled the registration when Mercury Luggage filed this lawsuit requires that the Domain Protection entity that controls, or controlled and transferred, the Domain, be added as a party.

As Mercury Luggage points out, given that the purpose of its lawsuit is to recover the Domain, it is essential that the entity that controlled the Domain's disposition at the initiation of this lawsuit and either still controls, or has information regarding to whom control was transferred, be party to the suit. Conflicting evidence and a pattern of obfuscation by Domain Protection Texas suggests that one or both of the Domain Protection entities retains control over the Domain or has improperly transferred control while this suit has been pending. Mercury Luggage thus argues that amending the complaint to join Domain Protection Virginia as a party, and, to the extent one of the Domain Protection entities improperly transferred this power, adding a claim for violation of the Uniform Fraudulent Transfer Act, is important to avoid a trial against the wrong party, which would waste the time and resources of the parties and the Court. The Court agrees and finds that this factor weighs in favor of granting Mercury Luggage's motion.

The third and fourth factors require consideration of the potential prejudice that Plaintiff's amendment will cause Defendant and whether, if there is potential prejudice, it may be cured by a continuance. Mercury Luggage argues that Domain

Protection Texas will not face any prejudice because Mercury Luggage gave ample notice of its intention to move to add parties and claims if the additional discovery provided a basis to do so – and any prejudice is easily cured by the current trial status as no trial date is set and the Court may set the trial with sufficient time for the parties to conduct necessary discovery associated with the new parties and claims.

Domain Protection Texas points to no prejudice that it would suffer if Mercury Luggage's motion is granted. And, where Domain Protection Texas appears to assert that it is neither the past nor current registrant of the Domain, nor has control over it such that it could transfer the Domain to Mercury Luggage, adding parties and claims that may lead to discoverable information to corroborate Domain Protection Texas's lack of relevant involvement in this suit would be beneficial, not prejudicial. And, again, the current status of the trial means that no continuance is needed. Accordingly, the third and fourth factors weigh in favor of granting Mercury Luggage's motion.

Considering the four factors as a whole, Mercury Luggage has met its burden to establish "good cause" to modify the scheduling order deadlines and permit an untimely amendment to its complaint. Having satisfied the requirements of Rule 16(b)(4), the Court "now decides under the Rule 15(a) standard whether leave to amend should be granted." *Harrison*, 2016 WL 3612124, at \*4 (citing *S&W Enters.*, 315 F.3d at 536). And none of the factors that stand in the way of freely giving leave to amend under Rule 15(a) – "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

-10-

previously allowed, undue prejudice to the opposing party, and futility of amendment," *id*. (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)) – are present here.

## Conclusion

The Court GRANTS Plaintiff Mercury Luggage's Motion for Leave to File Second Amended Complaint [Dkt. No. 32].

SO ORDERED.

DATED: January 6, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE