IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, a Florida corporation,<br>Plaintiff,<br><br>V.<br><br>DOMAIN PROTECTION, LLC, a Texas limited liability company,<br>Defendants. | §§§§§§§§§§§<br><br>No. 3:19-cv-1939-M-BN |

## **MEMORANDUM OPINION AND ORDER**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 131.

Plaintiff Mercury Luggage Manufacturing Company ("Mercury Luggage") has filed a Renewed Motion to Compel Interrogatory Answer. *See* Dkt. No. 125. Defendant Domain Protection, LLC, a Texas limited liability company ("Domain Protection"), objects to the motion.

For the reasons explained below, the Court GRANTS Mercury Luggage's Renewed Motion to Compel Interrogatory Answer [Dkt. No. 125].

## **Background**

Plaintiff Mercury Luggage and Defendant Domain Protection have been engaged in this lawsuit regarding alleged violations of the Anticybersquatting Consumer Protection Act since August 2019. In January 2021, after the close of discovery and on the eve of a court-ordered settlement conference, Domain Protection

revealed, purportedly for the first time, that it was not the past or current registrant of the sewardtrunk.com domain ("the Domain") and that, if the Court were to order Domain Protection to transfer the Domain to Mercury Luggage, Domain Protection would be unable to do so. Mercury Luggage alleges that, while Domain Protection denied that it was the Domain's registrant, Domain Protection asserted that it had received an option to purchase the Domain through a broker and offered to sell that option to Mercury Luggage to resolve the lawsuit.

In light of these developments, the Court granted Mercury Luggage's motion to extend discovery for the purposes of ascertaining who owned and/or controlled the Domain at the lawsuit's initiation and whether, and to whom, the Domain has been transferred during its pendency. During that 75-day extended discovery period, Mercury Luggage served Domain Protection with an interrogatory that asked Domain Protection to

> [i]dentify all persons known to You with any information concerning the identity of the current or past registrant(s) of the sewardtrunk.com domain, including, without limitation, any broker with whom You have communicated or who has provided an option to purchase the domain. In Your response, please state whether such person is a corporation, partnership, or corporation, and the name, present and last known address, principal place of business and business phone number.

Dkt. No. 126, Ex. G. Domain Protection objected that the request was "burdensome, not necessary, and not proportionate to the needs of the case." Dkt. No. 126, Ex. H.

The Court granted in part Mercury Luggage's subsequent motion to compel an interrogatory answer, requiring Domain Protection to respond with any information that it has regarding identity of current or past registrants but denied Mercury

Luggage's request to compel the identity of the broker, inviting Mercury Luggage to file a renewed motion in the event that exceptional circumstances came to exist or that Mercury Luggage could show that the broker was not hired as a consulting expert. *See* Dkt. No 96.

Mercury Luggage now renews its request for this Court to compel Defendant Domain Protection to reveal the identity of the broker that Domain Protection allegedly retained to facilitate the purchase of the Domain and to allow a limited deposition of the broker as to the broker's interactions with the party purporting to own the Domain.

**Legal Standards**

The Court has laid out the standard that governs a Federal Rule of Civil Procedure 37(a) motion to compel as to Federal Rule of Civil Procedure 33 interrogatories, and the Court incorporates and will apply – but will not repeat – that standard here. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578-82 (N.D. Tex. 2018).

Federal Rule of Civil Procedure 26(b)(2)(D)(4) provides that, "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" and "may do so only: (i) as provided in [Federal Rule of Civil Procedure] 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other

means." FED. R. CIV. P. 26(b)(4)(D).

A party seeking to show exceptional circumstances under Rule 26(b)(4)(B) carries a heavy burden. *See Hoover v. United States Dep't of the Interior*, 611 F.2d 1132, 1142 n. 13 (5th Cir. 1980). And this requirement has been interpreted to mean showing an inability to obtain equivalent information from other sources.

## Analysis

In arguing that it would be impracticable to obtain the relevant information by other means, Mercury Luggage details the efforts that it has undergone to ascertain the identity of the Domain registrant in August of 2019 when this suit was filed and since the purported transfer in December 2019.

After subpoenaing the current and former Domain registrars, Mercury Luggage purportedly learned from non-party former registrant Sea Wasp, LLC that an entity named Domain Protection, LLC was the registrant when this suit was filed and until December 1, 2019 when the Domain was purportedly transferred to an entity called nominally called RCL Systems.

Mercury Luggage details how it has attempted, but been unable, to contact or obtain information from RCL Systems because the publicly available information leads either to a dead end suggesting the entity does not formally exist, or back to Domain Protection and/or its agents Lisa Katz and Gary Schepps. Both Schepps and Katz have indicated that they either do not have, or are unwilling to provide, information concerning the actual identity of the Domain registrant and/or the person with whom the broker confirmed the option to purchase the Domain, to the extent

-4-

those are distinct.

Given this history, the Court is persuaded that exceptional circumstances exist making it impracticable for Mercury Luggage to discover information essential to its claims from another source.

Accordingly, the Court grants Mercury Luggage's motion to compel Domain Protection to reveal the identity of the broker and allow limited deposition of the broker to ascertain the broker's knowledge of the identity of the person who purportedly offered the option to purchase the Domain.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS Plaintiff Mercury Luggage's Renewed Motion to Compel Interrogatory Answer [Dkt. No. 125] and ORDERS that

- Defendant Domain Protection, LLC (the Texas limited liability company) must, by **January 25, 2022**, provide to Plaintiff Mercury Luggage Manufacturing Company the identity and contact information for the broker through which Domain Protection received an option to purchase the Domain and

- Plaintiff Mercury Luggage Manufacturing Company is granted leave to take a limited deposition of the broker or its representative to determine what information about the registrant/offeror of the Domain the broker possesses (including concerning the identity of the person through whom the broker obtained the option to purchase the Domain) and the content of broker's

communications with the registrant/offeror of the Domain.

SO ORDERED.

DATED: January 19, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE