IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCURY LUGGAGE MANUFACTURING COMPANY, a Florida corporation,<br>Plaintiff,<br><br>V.<br><br>DOMAIN PROTECTION, LLC, a Texas limited liability company,<br>Defendants. | § § § § § § § § § § § | No. 3:19-cv-1939-M-BN |

# **MEMORANDUM OPINION AND ORDER**[1]

Plaintiff Mercury Luggage Manufacturing Co. filed a Motion to Compel Deposition of Corporate Designee and for Sanctions, *see* Dkt. No. 91, which the Court granted in a July 1, 2021 Memorandum Opinion and Order, providing in relevant part:

> Mercury complains that the witness produced at the June 7, 2021 deposition by Domain Protection as its Federal Rule of Civil Procedure 30(b)(6) corporate designee, Frank Spiro, was wholly unprepared. *See* Dkt. No. 91 at 2-3. Mercury asks the Court to order Domain Protection to produce a fully prepared Rule 30(b)(6) representative for deposition; give the name and title of the designee at least ten days in advance; award attorneys' fees and costs for the June 7, 2021 deposition and bringing the motion to compel; and award any future costs and fees for appearing at any re-noticed Rule 30(b)(6) deposition. *Id.* at 5.
> The Court has previously explained the standard governing this request under Federal Rule of Civil Procedure 30(b)(6) and will not repeat, but does incorporate, that standard here. *See Celanese Corp. v.*

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

*Clariant Corp.*, No. 3:14-cv-4165-M, 2016 WL 4039162, at *2 (N.D. Tex. July 28, 2016).

After reviewing the deposition testimony, *see* Dkt. No. 93 ("Dep. Tr."), and carefully considering Mercury's complaints about it, the Court determines that this Rule 30(b)(6) testimony does not amount to a total non-appearance, *see Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993). As Mercury acknowledges, Mr. Spiro was able to give specific answers to at least noticed topics 6 and 14. *See* Dkt. No. 91 at 2.

But, other than those two topics, the transcript is clear that Mr. Spiro's preparation was less than adequate. Mr. Spiro met with Domain Protection's counsel "two or three times," "two or three weeks" before the deposition, Dep. Tr. 31:14-15, and reviewed "a couple piles of documents" that included "filings" and "letters," *id*. 16:13-17. When asked what type of filings he reviewed, Mr. Spiro stated: "I can't remember." *Id*. 30:17. Mr. Spiro also talked with Lisa Katz for "five to ten minutes," *id*. 33:14, but "she had no information for [him]" and could not "tell [him] anything about [the case]," *id*. 57:4-5.

The failure to prepare became even more apparent when Mercury's counsel drilled down further. When asked what information he reviewed to prepare specifically for topics 10 and 16, Mr. Spiro said "nothing." *Id*. 58:8, 78:14. For topic 15, Mr. Spiro acknowledged that he could not "really remember" and did not "really understand" the information given to him by Domain Protection's counsel. *Id*. 47:4-5. And, when asked what he reviewed to prepare for topic 18, Mr. Spiro stated: "Just the facts. Just the facts that I know of." *Id*. 34:24-25.

The result is that Mr. Spiro could not answer basic questions about the corporation he spoke for. He could not identify who Domain Protection's owners are, *see id*. 25:2; what role Lisa Katz, Domain Protection's only manager, had with the company, *see id*. 29:5-7; or what a domain name is, *see id*. 37:13. And, despite his title of director of litigation, Mr. Spiro had never seen the operative pleadings – or any other filing in this case – and could not identify the domain name at issue. *See, e.g., id*. 54:17, 83:17.

Accordingly, Domain Protection "violated rule 30(b)(6) by failing to prepare [Mr. Spiro] with respect to issues that although not within his personal knowledge, were within the corporate knowledge of the organization." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). The Court therefore grants Mercury's motion as to its request to compel Domain Protection to produce a prepared corporate designee for a re-noticed deposition. The parties must confer as to a mutually agreeable date to convene a second Rule 30(b)(6) deposition of Domain Protection, which the Court orders as appropriate relief on Mercury's MTC.

> And, because the Court grants Mercury's motion to compel, the Court also grants Mercury's request for expenses and orders Domain Protection and its counsel to pay Mercury's attorneys' fees in connection with bringing this motion to compel under Federal Rule of Civil Procedure 37(a)(5)(A). Mercury's counsel and Domain Protection's counsel are directed to confer by telephone or videoconference about the reasonable amount of these expenses to be awarded under Rule 37(a)(5)(A), as specified above. By no later than **July 9, 2021**, the parties must file a joint report notifying the Court of the results of the conference. If all disputed issues as to the amount of reasonable expenses to be awarded to Mercury have been resolved, Mercury's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **July 9, 2021**.
>
> If the parties do not reach an agreement as to the amount of expenses to be awarded, Mercury must, by no later than **July 23, 2021**, file an application for attorneys' fees that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees (as described above) to be awarded under Rule 37(a)(5)(A). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). The application may also include a request for recovery of the fees incurred in preparing and filing this fee application itself. *See Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (noting that Rule 37(a)(5) can include "fees on fees" for the time expended in filing a motion for attorneys' fees). If an application is filed, Domain Protection must file a response by **August 13, 2021**, and Mercury must file any reply by **August 27, 2021**.

Dkt. No. 101 at 1-5.

The Court then denied Defendant Domain Protection's motion to reconsider the Court's July 1, 2021 discovery order [Dkt. No. 102], explaining in relevant part:

> Turning to the award of attorneys' fees, the Court declines to modify its previous ruling. Domain Protection contends that the fee award is not appropriate because Mercury did not meaningfully attempt to obtain the discovery before filing its motion to compel. *See* Dkt. No. 102 at 8-12. And, concerning the award against Domain Protection's

counsel, Gary Schepps, Domain Protection contends that the award is inappropriate because Mr. Schepps prepared Mr. Spiro satisfactorily and Mr. Schepps is not responsible for Mr. Spiro's failure to understand or remember the information. *See id.* at 12-15.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a court grants a motion to compel,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).

Mercury attempted in good faith to obtain the discovery before filing its motion. Immediately after questioning Mr. Spiro, Mercury's counsel stated on the record that the "witness was completely unprepared to testify on all but two of the topics that were listed, and we reserve our right to seek a new corporate representative deposition of the defendant." Dkt. No. 93 at 92:13-16. That same day, in an email, Mercury again stated that Mr. Spiro was unprepared and that it would file a motion to compel unless "Domain Protection is willing to present a prepared corporate representative and pay [the] costs and fees." Dkt. No. 88, Ex. 7. After no response, Mercury followed up two days later. *See* Dkt. 107-1 at 5-6. Domain Protection then asked why Mercury found the designee unprepared. *See* Dkt. No. 105 at 5. But, because the discovery deadline was that day, Mercury answered that question and then filed its motion to compel before Domain Protection responded.

Given the looming discovery deadline and Domain Protection's failure to meaningfully respond to Mercury's position that Mr. Spiro's testimony was inadequate and that another deposition would be required, Mercury made a good faith attempt to resolve the dispute before filing its motion to compel. And, given Domain Protection's opposition to producing a witness for another 30(b)(6) deposition, any further attempts would not have been fruitful.

As for the fees payable by Mr. Schepps, the Court declines to modify its order. The Court cannot agree with Mr. Schepps's position that he is not responsible for advising his client concerning the

-4-

> sanctionable conduct because it was not part of a filing. *See* Dkt. No. 102 at 13-16. By his own admission, Mr. Schepps prepared Mr. Spiro – who had no affiliation with Domain Protection until three weeks before the deposition – and helped prepare his notes used during the deposition. *See* Dkt. No. 102 at 13. Whatever that preparation consisted of, Mr. Spiro's testimony was less than adequate. The facts in this case lead the Court to find that requiring Mr. Schepps to pay the fees along with his client is necessary to deter parties and their counsel from producing an unprepared witness.
>
> And Mr. Schepps's assertion that he never took a position on the sanctionable issue (Mr. Spiro's inadequate testimony) because Mercury filed its motion to compel so quickly, *see* Dkt. No. 107 at 10, is belied by the record. On behalf of his client, Mr. Schepps has now filed a response to the motion to compel, a motion to reconsider, and an objection to the undersigned's order, in which Domain Protection argues that Mr. Spiro's testimony was adequate and that another deposition is not necessary. *See* Dkt. Nos. 100, 102, 106. This position is not substantially justified based the record.

Dkt. No. 111 at 3-6.

Domain Protection also filed a Rule 72 Objection to July 1, 2021 Discovery Order [Dkt. No. 106] for Chief Judge Barbara M. G. Lynn's determination, and that Federal Rule of Civil Procedure 72 objection remains pending.

The parties did not reach agreement on the amount of expenses that Domain Protection and its counsel will pay Mercury for its attorneys' fees in connection with bringing the motion to compel [Dkt. No. 91] under Federal Rule of Civil Procedure 37(a)(5)(A). *See* Dkt. No. 104.

Mercury Luggage then filed its Application for Fees, *see* Dkt. No. 109, to which Domain Protection filed a response in opposition, *see* Dkt. No. 113, and in support of which Mercury Luggage filed a reply, *see* Dkt. No. 114.

This case has now been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of

reference from Chief Judge Lynn. *See* Dkt. No. 131.

The Court now GRANTS in part Mercury Luggage's Application for Fees [Dkt. No. 109] for an award of reasonable attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(a) to reimburse Mercury Luggage for its reasonable attorneys' fees incurred in drafting and filing and prosecuting its Motion to Compel Deposition of Corporate Designee and for Sanctions [Dkt. No. 91], based on the undersigned's authority to enter a nondispositive order granting attorneys' fees on a motion to compel under Federal Rule of Civil Procedure 37(a)(5). *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam).

**Legal Standards**

Federal Rule of Civil Procedure 37(a)(5) requires, if a motion to compel is granted in part and denied in part, the Court may issue any protective order authorized under Federal Rule of Civil Procedure 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. *See* FED. R. CIV. P. 37(a)(5)(C). But Rule 37(a)(5)(A) also requires that the Court give Domain Protection an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. *See* FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

Where an award is appropriate, "[r]easonable attorneys' fees are determined through a two-step process." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, ___ F.4th ___, No. 20-40357, 2022 WL 92773, at *3 (5th Cir. Jan. 10, 2022) (footnote omitted).

"The district court must first calculate the lodestar – the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (cleaned up). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.*

The hours remaining are those reasonably expended, and "[t]he lodestar is presumed reasonable." *Fessler*, 2022 WL 92773, at *3 (footnote omitted). But, as a second step, "after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. And, "once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden." *Fessler*, 2022 WL 92773, at *3.

## Analysis

For purposes of Rule 37(a)(5)(A)(i)-(iii), the Court already found that no exception applies to preclude an award of fees to Mercury Luggage. *See* Dkt. No. 111 at 3-6.

Domain Protection also objects that, for purposes of Rule 37(a)(5), Mercury

Luggage did not incur any fees for the making of its motion to compel. *See* Dkt. No. 113 at 3-5. Courts have recently split on when a party can recover fees on a discovery motion that the party client did not actually pay to its attorneys. *Compare Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678-82 (10th Cir. 2012) ("The purpose of Rule 37 attorney-fee sanctions would be thwarted if a party could escape the sanction whenever opposing counsel's compensation is unaffected by the abuse, as when the fee arrangement is a contingency fee or, as here, a flat rate. …. In light of the clear purposes of the fee-shifting provisions of Rule 37, we believe that Centennial is entitled to an attorney-fee award even though its lawyers were working under a fixed fee."), *with White v. Larusch*, 532 F. Supp. 3d 122, 126 (W.D.N.Y. 2021) ("Absent a demonstration that White is obligated to reimburse his attorney for the time spent in preparing and arguing the motion, he is not entitled to relief under Rule 37(a)(5)(A). Therefore, his motion [40] is denied, without prejudice to renewal upon a proper showing. If White can show that he is obligated to reimburse his attorney for that effort, or that relief is available on some basis other than Rule 37(a)(5)(A), his renewed motion shall include the attorney's contemporaneous time records.").

Here, Mercury Luggage's counsel has explained that his firm "agreed to represent Mercury Luggage in this matter and to recover only those amounts that the Court may award to Mercury Luggage." Dkt. No. 84 at 9-10. In its fee application, Mercury Luggage again explains that its counsel's firm "agreed to take this matter on contingency and seek only those fees that could be awarded to it by the Court in this matter." Dkt. No. 109 at 5; *see also* Dkt. No. 110 at 6 of 25. On those facts,

Mercury Luggage incurred, for purposes of Rule 37(a)(5), the reasonable attorneys' fees that its counsel seeks to recover in connection with its motion to compel.

But, given this split of authority, the Court determines that the fee award should not include Mercury Luggage's fees or expenses incurred for the fee application and reply in support. And the fee award is limited to Mercury Luggage's counsel's work on the motion to compel and reply in support and will not include fees or expenses incurred after July 1, 2021, when the Court entered its Memorandum Opinion and Order granting the motion.

But the Court determines that time spent on pre-motion conferring with Domain Protection's counsel are properly included in the amount of attorneys' fees to be awarded in connection with bringing the motion to compel under Rule 37(a)(5)(A).

And Domain Protection's argument that Rule 37(a)'s authorizing fee awards to be payable by the attorney advising the conduct that necessitated the motion to compel is unconstitutional under the First Amendment is not persuasive. Ordering an attorney to pay an opposing party's fees incurred because the attorney advised discovery conduct that is not substantially justified does not impermissibly chill a litigant's right to be represented by counsel in litigation.

Mercury Luggage's Application for Fees is supported by, and discussed in further detail in, the Declaration of Richard Rivera. *See* Dkt. No. 110. That declaration lays out the billing rates for the two attorneys and one paralegal who worked on Mercury Luggage's Motion to Compel Deposition of Corporate Designee and for Sanctions [Dkt. No. 91] and includes detailed invoices laying out the required

time entries.

Based on the Court's review of those materials, the Court determines that Mercury Luggage is entitled to recover fees for a total of 5.1 hours of work beginning on June 7, 2021 through July 1, 2021 by attorneys Richard Rivera (at an hourly rate of $340) and Alan Wachs (at an hourly rate of $455) and paralegal Deanna Smith (at an hourly rate of $220).

First, the billing statement attached to the Declaration of Richard Rivera substantiates that Mercury Luggage's counsel's fees totaled $1,766.50 for these three legal professionals' time beginning on June 7, 2021 (including filing the supporting notice of the deposition transcript at issue) through July 1, 2021 in connection with the motion to compel, which the Court finds to have been reasonably spent on tasks necessary to draft and file and prosecute the successful motion and to obtain the relief that Mercury Luggage requested and obtained.

Second, considering these professionals' experience and the local market rates, the Court finds that their respective requested hourly rates are all reasonable. *See* Dkt. No. 169-1 at 1-2 of 27. The rates charged by both attorneys and the hourly rate charged by Ms. Smith are consistent with Dallas area market rates for attorneys and paralegals with similar experience, skill, and ability handling this type of litigation. *See* Dkt. No. 110 at 17-19 of 225; *see generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

And the Declaration of Richard Rivera adequately reflects the required billing

judgment, including reflecting that most of the hours spent on the motion were performed by the professionals with the lowest billing rates.

Accordingly, based on the Declaration of Richard Rivera and the supporting documents, the Court finds the appropriate lodestar here to be calculated as a total fee of $1,766.50 for a total of 5.1 hours of work consisting of 1) 4.0 hours by attorney Richard Rivera at an hourly rate of $340, for total of $1,360.00; 2) .7 hours by attorney Alan Wachs at an hourly rate of $455, for total of $318.50; and 3) .4 hours by paralegal Deanna Smith at an hourly rate of $220, for total of $88.00.

Plaintiff does not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

## Conclusion

For the reasons explained above, the Court orders, under Federal Rule of Civil Procedure 37(a)(5)(A), that Defendant Domain Protection, LLC (the Texas limited liability company) and its counsel Gary N. Schepps are required, jointly and severally, to reimburse Plaintiff Mercury Luggage Manufacturing Co. the total amount of $1,766.50 as reasonable attorneys' fees incurred in connection with bringing its Motion to Compel Deposition of Corporate Designee and for Sanctions [Dkt. No. 91]. But this order is STAYED pending Chief Judge Lynn's resolution of Domain Protection's Rule 72 Objection to July 1, 2021 Discovery Order [Dkt. No. 106].

SO ORDERED.

-12-

DATED: January 27, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE